**Ex parte Robert FIRO, a/k/a Irma Amelia Firo, Applicant.**

**Nos. 71134, 71135.**

Court of Criminal Appeals of Texas, En Banc.

May 15, 1991.

Rehearing Denied Sept. 18, 1991.

Deanie M. King, Corpus Christi, for applicant.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

CAMPBELL, Judge.

Applicant Robert Firo pled guilty, pursuant to plea bargains, to two informations alleging third-degree-felony theft of property valued at less than $750. Tex.Penal Code § 31.03(a), (b)(1),–(e)(4)(E). Punishment, enhanced in each cause by a prior felony theft conviction, was assessed at imprisonment for fifteen years for each offense.[1] Tex.Penal Code §§ 12.33 & 12.-42(a).[2]

Applicant has now filed two post-conviction applications for writs of habeas corpus, arguing that his confinement is unlawful because the sentences he received exceed those authorized by statute. Tex. Crim.Proc.Code art. 11.07. Applicant contends our holding in *Rawlings v. State,* 602 S.W.2d 268 (Tex.Cr.App.1980), is dispositive of his applications.

Texas Penal Code § 31.03(e)(4)(E), under which applicant was charged, provides in relevant part that a theft offense is "a felony of the *third* degree if the value of the property stolen is *less than $750* and the defendant has been *previously convicted two or more times of any grade of theft.*" (Emphasis added.) We held in *Rawlings* that, given this statutory language, prior felony *theft* convictions may not be used to enhance, pursuant to Tex.Penal Code § 12.42(a), the punishment under subsection (e)(4)(E). *See also Gant v. State,* 606 S.W.2d 867, 871 n. 9 (Tex.Cr. App.1980). We determined in *Rawlings* that the apparent intent of the Legislature was to punish all offenders under subsection (e)(4)(E) as third-degree felons and not second-degree felons.

Given our holding in *Rawlings,* it was plainly error for the State to enhance applicant's punishment with a prior felony *theft* conviction. The appropriate relief is to place applicant back in the position he was in before he entered the plea bargains.

The judgment of the trial court is vacated and the applicant remanded to the custody of the sheriff of Nueces County to answer the informations.

WHITE, J., concurs in result.

---

1. As its part of the plea bargain, the State agreed to recommend a sentence of fifteen years in each cause.

2. Texas Penal Code § 12.42(a) provides: "If it be shown on the trial of a third-degree felony that the defendant has been once before convicted of any felony, on conviction he shall be punished for a second-degree felony." The punishment range for a third-degree felony is imprisonment for up to ten years and a fine of up to $10,000. Tex.Penal Code § 12.34. The punishment range for a second-degree felony, on the other hand, is imprisonment for two to twenty years and a fine of up to $10,000. Tex.Penal Code § 12.33.