**Carl MOTT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–91–01030–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

July 30, 1992.

Discretionary Review Refused Nov. 25, 1992.

T. Kevin Golden, Sugar Land, for appellant.

James M. Frazier, Huntville, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

Carl Mott, appellant, was indicted for the offense of aggravated assault on a correctional officer, enhanced by two prior felony convictions for unauthorized use of a motor vehicle and aggravated robbery. He pled not guilty and was convicted by a jury. Appellant pled true to both enhancement paragraphs and the jury found them to be true. The jury assessed punishment at 25 years confinement in the Texas Department of Corrections.[1] Appellant raises three points of error complaining the evidence was insufficient to support his conviction, the trial court erred in its definition of the terms "knowingly" and "intentionally," and the trial court erred in allowing his sentence to be enhanced. We affirm.

Appellant is an inmate at the Darrington Unit of the Texas Department of Criminal Justice–Institutional Division. On May 21, 1988, he was scheduled for a shower. Appellant argued with Robert L. Gates (Gates), a guard, about whether appellant could take an extra pair of shoes with him to shower. Gates cancelled the shower and appellant asked to see a Sergeant. After Gates left, appellant threw water on the run in front of his cell. Another guard, Anthony Houston (Houston), came by and asked appellant about the water. Appellant told Houston his shower had been cancelled and he wanted to see a Sergeant. When Sergeant Danny James (James) arrived at appellant's cell, James asked him about the water on the run in front of the

---

1. Now known as the Texas Department of Criminal Justice, Institutional Division.

cell. Appellant repeated his request for a shower and James refused. Appellant then showed James a light bulb, with the metal end removed, full of water, and told him if he did not get to shower he would throw it at the officer. James told appellant he "could not allow him shower," and he "took a step to the right just in case [appellant] did throw the light bulb." James told appellant to "set it down." Appellant did not put it down but instead threw the light bulb at the officer. The bulb hit a wire mesh security screen on the front of the cell and shattered. The "glass came out and hit [James] and water went over the upper portion of [his] body and face." Houston, who witnessed the incident, saw the liquid come out of appellant's cell and told James that his left ear was bleeding. Although the cut bled and did hurt James, it did not require stitches.

In point of error one, appellant contends the evidence is insufficient to support his conviction for aggravated assault of a correctional officer.

■ In reviewing the sufficiency of the evidence, the Court must view "all the evidence in the light most favorable to the verdict" and determine whether a rational trier of fact could have found the evidence sufficient to establish beyond a reasonable doubt that appellant intended to assault James. *Villalon v. State,* 791 S.W.2d 130, 132 (Tex.Crim.App.1990) (quoting *Blankenship v. State,* 780 S.W.2d 198, 206–07 (Tex. Crim.App.1988)). *See Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The standard is the same whether we are reviewing the sufficiency of circumstantial or direct evidence. *See Geesa v. State,* 820 S.W.2d 154 (Tex.Crim.App.1991). The trier of fact may judge the credibility of the witnesses, may reconcile conflicts in the testimony, and accept or reject any or all of the evidence on either side. *Chambers v. State,* 805 S.W.2d 459, 461 (Tex. Crim.App.1991); *Hernandez v. State,* 538 S.W.2d 127, 131 (Tex.Crim.App.1976). Thus, the evidence is sufficient to sustain a conviction if the collective weight of all the incriminating circumstances is sufficient. *Livingston v. State,* 739 S.W.2d 311, 330

(Tex.Crim.App.1987), *cert. denied,* 487 U.S. 1210, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988).

In the instant case, it is uncontroverted that James was employed as a Sergeant of Correctional Officers with the Texas Department of Corrections. On direct examination, James testified that appellant told him he was going to "hit [him] with this," and showed him "a light bulb," with "the metal tip taken off," full of water. He stated that after he told appellant he could not let him shower, appellant threw the light bulb at him. James testified that when the glass hit the left side of his face it hurt and he knew he had been cut on the ear. Houston corroborated that the liquid came from appellant's cell, and James was cut and bleeding.

■ Appellant contends the State's evidence does not eliminate the reasonable hypothesis that he only intended to hit James with the water. A reasonable hypothesis must be supported by the evidence. *Dickey v. State,* 693 S.W.2d 386, 388 (Tex.Crim.App.1984). Based on the evidence in this case, a reasonable person throwing a glass light bulb full of water at a metal screen, would know that both the shattered glass and water are going to strike the officer on the other side of the screen. Intent can be inferred from the evidence, and the jury made the reasonable inference that appellant intended to cause James bodily injury by his actions. *See Thomas v. State,* 750 S.W.2d 320, 322 (Tex. App.—Dallas 1988, no pet.) (citing *Guerra v. State,* 657 S.W.2d 511, 513 (Tex.App.—Corpus Christi 1983, pet. ref'd)). Appellant offered no evidence to establish that he reasonably believed only the water would go through the screen, or how that could really have happened on these facts. The evidence is sufficient for a rational trier of fact to find every element of the crime beyond a reasonable doubt. We overrule appellant's point of error one.

■ In point of error two, appellant alleges the trial court erred during the guilt/innocence phase of trial by giving the jury a charge which failed to limit the definitions of the terms "knowingly" and

"intentionally" to the result of the conduct. Appellant argues that the theory of assault he was charged under makes it a result oriented crime and the necessary culpable mental state must apply to the result of the conduct and not to the conduct itself. *See Sneed v. State*, 803 S.W.2d 833, 835 (Tex. App.—Dallas 1991, pet. ref'd).

The jury charge in the instant case defined "intentionally" and "knowingly" as follows:

A person acts intentionally, or with intent, with respect to the nature of his conduct *or to a result of his conduct* when it is his conscious objective or desire to engage in the conduct *or cause the result.* (emphasis added)

A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. *A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.* (emphasis added)

Appellant is correct in his statement that the jury may convict him only if they find beyond a reasonable doubt that he caused bodily injury to James, knowing James was a correctional officer, and he caused the bodily injury intentionally or knowingly. *See Sneed*, 803 S.W.2d at 835.

Appellant's reliance on *Sneed v. State*, however, is misplaced when he alleges we are required to reverse his conviction based on the definitions in the charge. We are aware that the definitions in the *Sneed* case are identical to the definitions in the instant case, and the Dallas Court of Appeals held those definitions erroneously focused on the "nature of the conduct." *See id.* We disagree with that determination.

The *Sneed* opinion fails to address the language in the definitions dealing with the "result of the conduct." The definitions allow the jury to convict appellant on a finding that he intentionally or knowingly caused bodily injury to James when it was his conscious objective or desire to cause

that result; or where he engaged in conduct when he was aware that his conduct was reasonably certain to cause bodily injury to James. The charge in this case also instructed the jury that appellant committed "an assault if he intentionally or knowingly cause[d] bodily injury to another." The charge properly addresses the result of appellant's conduct. We overrule appellant's point of error two.

■ In point of error three, appellant complains the trial court erred in the punishment phase of the trial by allowing his sentence to be enhanced under TEX. PENAL CODE ANN. § 12.42(d) (Vernon Supp.1992). He argues that his prosecution under TEX. PENAL CODE ANN. § 22.02(a)(2) (Vernon 1989) precludes enhancement of his sentence with prior felony convictions.

Section 22.02(a)(2) dealing with aggravated assault provides in pertinent part:

[a] person commits an offense if the person commits an assault as defined in Section 22.01 of this code and the person: ... (2) ... causes bodily injury to a ... jailer or guard employed at a municipal or county jail, by the Texas Department of Corrections, ... when the person knows or has been informed the person assaulted is a ... jailer, or guard ...: (A) while the ... jailer, or guard ... is lawfully discharging an official duty....

TEX. PENAL CODE ANN. § 22.02(a)(2)(A) (Vernon 1989) (this language became effective Sept. 1, 1987). Section 12.42 deals with repeat and habitual felony offenders. Subsection (d) specifically provides the range of punishment for a defendant, such as appellant, who has been previously convicted of two felony offenses. *See* TEX. PENAL CODE ANN. § 12.42(d) (Vernon Supp.1992) (this language became effective Sept. 1, 1985).

Appellant attempts to analogize the facts and reasoning in the case of *Ex parte Firo* with the instant case. *See Ex parte Firo*, 815 S.W.2d 568, 569 (Tex.Crim.App.1991) (en banc). In *Firo*, the Court of Criminal Appeals held that punishment for a conviction of third-degree felony theft could not be enhanced with a defendant's prior felony theft convictions. *Id.* This holding was

based on the fact that under TEX. PENAL CODE ANN. § 31.03(e)(4)(E) (Vernon 1974) an element of third-degree felony theft is that "the defendant has been previously convicted two or more times of any grade of theft." *Id.*

The *Firo* case is not applicable to this case. That appellant was convicted of prior felony offenses is not an element of aggravated assault under section 22.-02(a)(2)(A). Thus, there is no reason why his sentence for aggravated assault could not be enhanced by his two prior felony convictions. The trial court committed no error. We overrule appellant's point of error three.

The judgment of the trial court is affirmed.