**Israel CASTILLO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–93–00359–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

May 11, 1995.

Kenneth W. Smith, Houston, for appellant.

Carol M. Cameron, Houston, for appellee.

LEE, AMIDEI and EDELMAN, JJ.

## OPINION

AMIDEI, Justice.

Appellant, Israel Castillo, was charged with attempted murder and aggravated assault. A jury convicted appellant of aggravated assault.[1] The trial court assessed punishment at ten years confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant appeals from the judgment in four points of error, complaining the evidence was insufficient to support his conviction, the jury charge was fundamentally defective, and the trial court erred by cutting off his questioning and prohibiting him from impeaching a witness. We affirm.

On March 30, 1991, Edward Flores drove his wife, Anita, to the Lucio's home to discuss an altercation involving her son, Brian. Anita went to the door of the house while Ed-

---

1. The crime for which appellant was convicted was committed before September 1, 1994, the effective date of the revised penal code. *See* Acts 1993, 73rd Leg., ch. 900, sec. 1.18(b). There- fore, all references to the penal code are to the code as in effect at the time the crime was committed.

ward remained in his van. Anita engaged in an argument with Nancy Lucio.[2] As Anita returned to the van, three women confronted her, and a fight ensued. Four men approached Edward as he sat in the van. One of the men pointed a shotgun at Edward and told him to get out of the van. The man pulled the trigger on the shotgun twice, but the weapon did not discharge. Appellant then fired a handgun into the van, which resulted in injuries to Edward Flores.

■ In his first point of error, appellant asserts that the evidence is legally insufficient to sustain the conviction. When reviewing the sufficiency of the evidence, the appellate court will look at all the evidence in the light most favorable to the verdict or judgment. *Houston v. State*, 663 S.W.2d 455, 456 (Tex.Crim.App.1984). In doing so, the appellate court is to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Ransom v. State*, 789 S.W.2d 572, 577 (Tex.Crim.App.1989), *cert. denied*, 497 U.S. 1010, 110 S.Ct. 3255, 111 L.Ed.2d 765 (1990). In conducting this review, the appellate court is not to re-evaluate the weight and credibility of the evidence, but act only to ensure the jury reached a rational decision. *Muniz v. State*, 851 S.W.2d 238, 246 (Tex.Crim.App.1993).

■ First, we will discuss the essential elements of aggravated assault. Appellant was indicted, in part, for unlawfully, intentionally, and knowingly causing bodily injury to Edward Flores by using a deadly weapon. Aggravated assault is committed if a person commits assault and uses a deadly weapon. TEX.PENAL CODE ANN. § 22.02 (Vernon Supp. 1994). A person commits the offense of assault if the person intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse. TEX.PENAL CODE ANN. § 22.01 (Vernon 1989). A person acts "intentionally" when it is his conscious objective or desire to cause the result. TEX.PENAL CODE ANN. § 6.03(a) (Vernon

1994). A person acts "knowingly" when he is aware that his conduct is reasonably certain to cause the result. *Id.* at § 6.03(b).

■ Sufficiency of the evidence must be measured against the jury charge that was given. *Garrett v. State*, 749 S.W.2d 784, 802–03 (Tex.Crim.App.1986). The charge alleges only one theory of aggravated assault, intentionally or knowingly causing bodily injury by using a deadly weapon. Appellant argues that the State did not present sufficient evidence to support the conviction because the angle of the bullet holes indicates the gun was not aimed at Edward Flores. The State argues that the mere act of firing a gun into an occupied van is sufficient to establish appellant knowingly and intentionally caused bodily injury to complainant.

The evidence indicating the direction the bullet traveled consists of: (1) State photo exhibits of the bullet holes in the van and (2) the police officer who took these photographs and Mr. Flores pointing out the location of these bullet holes in the photographs of the van. This police officer was asked what his opinion was about the direction the bullet traveled; however, he was not qualified to do so. The evidence reflects a bullet hole in the rear passenger side of the van, in the passenger's seat, in Mr. Flores' forearm, and in the steering column. No expert testimony was offered to interpret these photographs and explain the direction the bullet traveled, or whether it veered and changed direction.

■ This evidence was presented to the jury. They could have believed all or none of the evidence. The jury is the exclusive judge of the facts, credibility of witnesses, and the weight to be given to evidence. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex.Crim.App. 1991). In making this determination, the jury can infer knowledge and intent from the acts, words, and conduct of the accused. *Dues v. State*, 634 S.W.2d 304, 305 (Tex. Crim.App. [Panel Op.] 1982); *Martinez v. State*, 844 S.W.2d 279, 283 (Tex.App.—San Antonio 1992, pet. ref'd). The jury had the benefit of viewing the testimony and evidence

---

**2.** Brian and Nancy were divorced, and had a daughter, Amanda, who lived with Nancy Lucio

and her parents.

presented. On the facts of this case, the jury could have rationally found that appellant was aware that shooting into the van was reasonably certain to cause serious bodily injury to Flores. *Cf. Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Ransom v. State,* 789 S.W.2d 572, 577 (Tex.Crim.App.1989), *cert. denied,* 497 U.S. 1010, 110 S.Ct. 3255, 111 L.Ed.2d 765 (1990). We are not to act as a thirteenth juror an reassess the evidence. *Moreno v. State,* 755 S.W.2d 866, 867 (Tex. Crim.App.1988).

▮▮▮ After reviewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could find beyond a reasonable doubt that appellant knowingly or intentionally caused bodily injury to Edward Flores. A trier of fact could have found appellant was aware that firing a gun into an occupied van was reasonably certain to cause injury to the person in the van. There is sufficient evidence to support the jury's verdict that appellant committed aggravated assault. Appellant's first point of error is overruled.

▮▮▮ In his second point of error, appellant asserts that the jury charge is fundamentally defective for failing to limit culpability to a knowing or intended "result". The charge contained the penal code definitions of knowingly and intentionally. These definitions were incorporated by reference in the application paragraph. Appellant argues that the jury charge was subject to two interpretations. The charge could have been interpreted as requiring a knowing or intended "result", or as requiring knowing or intended "conduct," for aggravated assault.

The jury charge defined intentionally and knowingly as follows:

A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding

his conduct when he is aware of the nature of his conduct or that the circumstances exist. *A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.* [emphasis added]

With respect to the offense of aggravated assault, the jury charge contained the following application paragraphs:

Our law provides that a person commits the offense of assault if he intentionally or knowingly causes bodily injury to another person.

A person commits the offense of aggravated assault if he commits assault, as hereinbefore defined, and he uses a deadly weapon.

Now, if you find from the evidence beyond a reasonable doubt that on or about the 30th day of March, 1991, in Harris County, Texas, the defendant, Israel Castillo, did then and there unlawfully intentionally or knowingly cause bodily injury to Edward Flores, by using a deadly weapon, namely, a firearm, then you will find the defendant guilty of aggravated assault.

This issue was addressed by our court in *Mott v. State,* 835 S.W.2d 256, 258–59 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd).[3] In *Mott,* we held that it was not error to include references to conduct in the definitions of knowingly and intentionally in an aggravated assault charge. *Id.* at 259. The definitions allow the jury to convict appellant on a finding that appellant intentionally or knowingly caused the *"result* of his conduct". Appellant asks us to set aside our ruling in *Mott* and adopt the Dallas Court of Appeals' view. The Dallas Court is of the opinion that it was fundamental error to include references to conduct in the definitions. *Sneed v. State,* 803 S.W.2d 833, 835–36 (Tex.App.— Dallas 1991, pet. ref'd). However, in *Mott,* we specifically did not follow *Sneed* because it failed to address the language in the definitions which dealt with the "result of the conduct." *Mott* at 259. The First Court of Appeals in Houston has chosen to apply the reasoning in *Sneed. Green v. State,* 891 S.W.2d 289, 294 (Tex.App.—Houston [1st

---

**3.** The definitions of intentionally and knowingly in the jury charge in *Mott* are identical to those

in the case before us.

Dist.] 1994, pet. ref'd). The Court of Criminal Appeals does not express any view on this issue. Thus, until the Court of Criminal Appeals speaks to this issue, we are bound by our own precedent cited above. Accordingly, we overrule point of error number two.

█ In his third and fourth points of error, appellant argues that the trial court committed reversible error by cutting off his cross-examination of Mr. Flores and prohibiting him from questioning Mr. Flores about a prior inconsistent statement. Appellant's counsel attempted to impeach Mr. Flores with testimony at the pretrial hearing. At a suppression hearing, held outside the presence of the jury, Mr. Flores testified that appellant did not have a teardrop tattoo by his right eye at the time of the incident. At trial it was established that appellant had such a tattoo for years. The court did not prevent appellant's counsel from impeaching Flores with this prior inconsistent statement. The record reflects that the court merely dismissed the jury for the day to resolve this disagreement between the attorneys, and told appellant's counsel to resume his cross-examination of Mr. Flores the following day. After the jury was dismissed, the court explained to appellant's counsel that he could not go into the "details" of the hearing which was held outside the presence of the jury; however, there is a proper way to impeach Mr. Flores and he is entitled to do that. The court did not prevent appellant's counsel from questioning and impeaching Mr. Flores with this prior inconsistent statement. The court merely insisted that counsel follow the evidentially rules, and use evidence of the prior inconsistent statement without getting into details of what the pretrial hearing was about. *See* TEX.R.CRIM.EVID. 612(a). Furthermore, appellant's counsel resumed this line of questioning the following day and Mr. Flores admitted to making a prior inconsistent statement. Mr. Flores admitted, he had previously testified that appellant did not have a teardrop tattoo. Points of error three and four are overruled.

We affirm the judgment of the trial court.