COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

RAUL BLANC,                                                    )

                                                                              )               No.  08-02-00126-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                 
41st District Court

THE STATE OF TEXAS,                                     )

                                                                              )           
of El Paso County, Texas

Appellee.                           )

                                                                              )              
(TC# 20010D03600)

                                                                              )

 

 

O
P I N I O N

 

Raul Blanc appeals
his conviction for aggravated assault with a deadly weapon.  See Tex.Pen.Code Ann. '
22.02 (a)(2)(Vernon 2003).  The jury found Appellant guilty of the
offense as charged in the indictment and assessed punishment at 2 years= imprisonment, probated.  Appellant now challenges the legal
sufficiency of the evidence to support his conviction.  We affirm.

SUMMARY
OF THE EVIDENCE








On the evening of
July 29, 2001, Mr. Fernando Rodriguez and Mr. Jonathan Crocker were working as
security guards for the weekly cruise meeting of the Custom Cruise and Race
Association being held in the Regis Bernard store parking lot on Lee
Trevino.  Mr. Martin McClure, Jr.,
president of this car club, testified that members of the club have a sticker
located above the car=s
inspection sticker.  Only those who had
the sticker were allowed to enter the parking lot pursuant to Regis Bernard=s requirements in the club=s use of the premises.  Mr. McClure had hired Night Eyes
Protective Services, the security company, to control traffic into the
lot.  That evening Mr. Rodriguez and Mr.
Crocker were directing club-member vehicles that were permitted to enter to
park in the lot and were directing those that did not have stickers back out
onto the road.

Mr. Rodriguez
testified that he has worked for Night Eyes for approximately four years, after
serving with law enforcement for over twenty-seven years.  Mr. Rodriguez retired from the El Paso Police
Department in 1980 and had also served with the Sheriff=s
Office, the United State=s
Marshal=s Office,
and the Texas Department of Public Safety. 
Mr. Rodriguez=s
duty that night was to control traffic into the parking lot area cordoned off
for the club meeting.  Mr. Rodriguez
testified that he was watching the entryway of the parking lot when he saw a
truck traveling at what he felt was a high rate of speed, exceeding the limit,
coming towards him.  At trial, Mr.
Rodriguez identified Appellant as the driver of the Ford truck.  Mr. Rodriguez stated that the vehicle was
coming at him and going beyond what any prudent person would go under the
circumstances in that particular type of parking lot.








 As the vehicle approached him, Mr. Rodriguez
tried to attract Appellant=s
attention by waving his baton with flashlight and blowing his whistle.  Mr. Rodriguez stated that he was trying to
get Appellant to stop right there to direct him back because he was not supposed
to be in that area.  Appellant did not
stop when Mr. Rodriguez motioned to him with the light and blew the
whistle.  Although Mr. Rodriguez was not
sure whether Appellant heard the whistle, he was sure that Appellant could see
his waving of the baton with flashlight. 
Mr. Rodriguez recalled that he was standing right at the center, but
Appellant just kept on coming.  Mr.
Rodriguez then realized Appellant was not going to stop and finally moved,
trying to get away from Appellant=s
vehicle.  Appellant=s vehicle struck Mr. Rodriguez=s knee and caused him to fall on the
ground.  Appellant stopped his vehicle
after hitting Mr. Rodriguez.  As Mr.
Rodriguez started to get up, however, Appellant began to drive forward
again.  Mr. Rodriguez radioed to Mr.
Crocker, the other security guard on duty, for assistance in stopping the
vehicle.  Mr. Rodriguez testified that he
felt threatened when Appellant=s
vehicle was coming at him and was in fear of serious bodily injury or death at
that time.

Mr. Crocker
testified that when he first saw Appellant=s
truck it was coming towards him at about fifteen miles per hour.  Mr. Crocker motioned to Appellant to stop the
vehicle.  Appellant slowed down, but
continued to drive forward.  Mr. Crocker
stated that he twice told Appellant to stop, but the vehicle continued to come
towards him.  The third time Mr. Crocker
told Appellant to stop, Mr. Crocker moved his hand towards his weapon and
Appellant=s vehicle
came to a stop.








Mr. Crocker told
Appellant to put the vehicle in park. 
Mr. Rodriguez told Appellant to get out of the truck and Appellant
responded, AWell, go fuck yourself@
and also said he was not going to get out. 
Mr. Rodriguez recalled that Appellant and a passenger had a canister of
beer in the truck and that Appellant was drinking beer as Mr. Rodriguez was
trying to get Appellant out of the truck. 
Appellant=s
passenger exited the vehicle first and the guards were able to get Appellant
out of the truck only after using some force. 
Mr. Rodriguez then handcuffed Appellant and the passenger and detained
them until police officers arrived. 
Police officers David Amparan and David Briones responded to the patrol dispatch call to
investigate the incident at the Regis Bernard parking lot.  Officer Amparan
observed that Appellant had slurred speech, red bloodshot eyes, staggered
walking, and smelled of an unknown alcoholic beverage.

DISCUSSION

Sufficiency
of the Evidence

In Appellant=s sole issue for review, he contends
that the evidence was legally insufficient to support the conviction because
there was no proof of a threat nor proof of Appellant
intentionally or knowingly placing the complainant, Fernando Rodriguez, in fear
of imminent bodily injury.

Standard
of Review








When reviewing the
legal sufficiency of the evidence, we view the evidence in the light most
favorable to the jury=s
verdict to determine whether any rational trier of
fact could have found the essential elements of the offense beyond a reasonable
doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789,
61 L.Ed.2d 560 (1979); Lacour v. State,
8 S.W.3d 670, 671 (Tex.Crim.App. 2000); Geesa v. State, 820 S.W.2d 154, 159 (Tex.Crim.App. 1991), overruled on other grounds, Paulson
v. State, 28 S.W.3d 570 (Tex.Crim.App. 2000).  This standard of review applies to both
direct and circumstantial evidence cases. 
King v. State, 895 S.W.2d 701, 703 (Tex.Crim.App. 1995). 
We do not resolve conflicts of fact or assign credibility to witnesses,
as determinations of witness credibility and the weight of the evidence are
left to the jury.  Alvarado
v. State, 912 S.W.2d 199, 207 (Tex.Crim.App.
1995); Adelman v. State, 828 S.W.2d
418, 421 (Tex.Crim.App. 1992).  Our duty, rather, is to determine if the
explicit and implicit findings of the jury are rational by reviewing all of the
evidence in the light most favorable to the verdict.  Adelman, 828 S.W.2d at 421-22; Menchaca
v. State, 901 S.W.2d 640, 650 (Tex.App.--El Paso
1995, pet. ref=d).  We resolve any inconsistencies in the
evidence in favor of the verdict.  Matson v. State, 819 S.W.2d 839, 843 (Tex.Crim.App.
1991); Menchaca, 901 S.W.2d at 651.

Aggravated
Assault

A person commits
the offense of assault if the person intentionally or knowingly threatens
another with imminent bodily injury.  See
Tex.Pen.Code Ann. '
22.01(a)(2)(Vernon 2003).  Aggravated assault occurs if, in the course
of committing an assault under Section 22.01, the person uses or exhibits a
deadly weapon.  See Tex.Pen.Code Ann. '
22.02(a)(2).  AA person acts intentionally, or with
intent, with respect to the nature of his conduct or to a result of his conduct
when it is his conscious objective or desire to engage in the conduct or cause
the result.@  Tex.Pen.Code
Ann. ' 6.03(a)(Vernon 2003).  AA person acts knowingly, or with
knowledge, with respect to the nature of his conduct or to circumstances
surrounding his conduct when he is aware of the nature of his conduct or that
the circumstances exist.  A person acts
knowingly or with knowledge, with respect to a result of his conduct when he is
aware that his conduct is reasonably certain to cause the result.@ 
Tex.Pen.Code Ann. ' 6.03(b).

The indictment in
this cause alleged that Aon
or about the 29th day of July, 2001 . . . in the County of El Paso and State of
Texas, RAUL BLANC, hereinafter referred to as Defendant,








did then and there intentionally
and knowingly threaten FERNANDO RODRIGUEZ with imminent bodily injury and did
then and there use and exhibit a deadly weapon during the commission of said
assault, to wit:  a Ford motor vehicle,
that in the manner of its use and intended use was capable of causing death and
serious bodily injury . . . .@  It further alleged that Appellant Aused and exhibited a deadly weapon, to
wit:  a Ford motor vehicle, during the
commission of and immediate flight from said offense.@[1]

Appellant argues
that the evidence is insufficient to prove the threat element of the charged
offense.  Specifically, Appellant
contends that there is no evidence of menacing or 

non-verbal
communication directed towards Mr. Rodriguez and that there was never any
perception of a threat by Mr. Rodriguez until he was hit.  Appellant also asserts the evidence is
legally insufficient to prove he intentionally or knowingly threatened Mr.
Rodriguez with imminent bodily injury.  

Threats may be
communicated by action, conduct, or words. 
McGowan v. State, 664 S.W.2d 355, 357 (Tex.Crim.App. 1984). 
The jury may infer intent or knowledge from the accused=s acts, words, and conduct.  See Dues v. State, 634
S.W.2d 304, 305 (Tex.Crim.App. [Panel Op.] 1982); Castillo v. State, 899 S.W.2d 391, 393 (Tex.App.‑-Houston [14th Dist.] 1995 no pet.).  However, evidence of actual bodily injury
alone is insufficient to support the threat allegation.  See McGowan, 664
S.W.2d at 357-58.








Here, Mr.
Rodriguez=s
testimony showed Appellant was driving a truck at a high rate of speed towards
Mr. Rodriguez.  Mr. Rodriguez tried to
attract Appellant=s
attention to get him to stop.  Mr.
Rodriguez was waving his baton with flashlight and blowing a whistle, but
Appellant continued to drive towards Mr. Rodriguez.  When Mr. Rodriguez realized that Appellant
was not going to stop his vehicle, he tried to get away but was hit in the knee
and swung to the ground.  Mr. Rodriguez
testified that when Appellant=s
vehicle was coming at him he felt threatened and was in fear of serious bodily
injury at that time.  The evidence
clearly showed that Mr. Rodriguez perceived Appellant=s
conduct of accelerating his vehicle towards him as a threat prior to actual
bodily injury.  See St. Clair v. State,
26 S.W.3d 89, 97 (Tex.App.--Waco 2000, pet. ref=d) (defendant accelerating his car
towards victim threatened victim with imminent bodily injury, even though the
car stopped six feet from victim). 

Based on the
evidence, a rational jury could reasonably infer from Appellant=s conduct that he intentionally and
knowingly threatened Mr. Rodriguez by driving towards him at a high rate of
speed and by his refusal to stop, despite Mr. Rodriguez=s
presence in front of Appellant=s
path and Mr. Rodriguez=s
attempts to gain Appellant=s
attention in order to stop his entry into the parking lot.  Even if Appellant did not intentionally
threaten Mr. Rodriguez by use of his motor vehicle, the jury could infer that
Appellant was aware his conduct was reasonably certain to cause a threat of
imminent bodily injury to Mr. Rodriguez. 
We find that the evidence was legally sufficient to establish the essential
elements of the charged offense. 
Appellant=s sole
issue is overruled.

We affirm the
trial court=s
judgment.

 

May
22, 2003

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.

 

(Do Not Publish)











[1]
In his appeal, Appellant does not challenge the jury=s
affirmative finding of use or exhibit of a deadly weapon during the commission
of the charged offense.