ACCEPTED
12-15-00154-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
10/5/2015 3:18:42 PM
Pam Estes
CLERK



RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS

10/5/2015 3:18:42 PM

PAM ESTES
Clerk

# D. Matt Bingham

**Criminal District Attorney**
**Smith County**

SMITH COUNTY COURTHOUSE
100 N. BROADWAY 4th Floor
TYLER, TEXAS 75702

April A. Sikes, First Assistant

TELEPHONE: (903) 590-1720
TELECOPIER: (903) 590-1719

Michael J. West, Appellate Chief
Aaron S. Rediker, Appellate Prosecutor

Jennifer Barfield, Office Manager

**FILED**

10/5/2015

**Twelfth Court of Appeals**
**Pam Estes**
**Clerk**

5 October 2015

Ms. Cathy S. Lusk, Clerk
Twelfth Court of Appeals
1517 West Front Street, Suite 354
Tyler, Texas 75702

**Re: 12-15-00154-CR,** *Daniel Lee Knod v. The State of Texas*; **State's Supplemental Letter Brief**

To the Honorable Court of Appeals:

In an amended brief filed on 22 September 2015, appellant alleges that his sentence for the offense of state jail felony theft was improperly enhanced with a prior theft conviction (Appellant's Am. Br. 17-20). As appellant's argument appears to be valid, the Court should overrule his first issue for the reasons argued in the State's Brief and affirm the judgment as to the finding of guilt, but sustain his second issue and reverse only as to punishment.

Appellant was charged by indictment with the state jail felony offense of theft, where the property stolen was valued at less than $1,500, and appellant had been convicted twice before of theft (Clerk's R. at 2). *See* Tex. Penal Code Ann. § 31.03(e)(4)(D) (West

2014).  "Under this subsection, a defendant's history of theft convictions, regardless of their number or degree, cannot elevate a subsequent theft of property worth less than $ 1500 beyond the status of a state jail felony." *Brown v. State*, 14 S.W.3d 832, 832-833 (Tex. App.–Austin 2000, pet. ref'd).  Nevertheless, the State filed a *Brooks* notice prior to trial, alleging a third prior conviction for theft and one conviction for retaliation (Clerk's R. at 19-21).  *See Brooks v. State*, 957 S.W.2d 30, 32-34 (Tex. Crim. App. 1997).  After a jury trial on the issue of guilt/innocence, the trial court heard evidence on punishment, made findings of "true" to the prior conviction allegations contained in the State's *Brooks* notice, and sentenced appellant to confinement for eighteen years in the Texas Department of Criminal Justice–Institutional Division without a fine, within the punishment range for a second degree felony (VIII Rep.'s R. at 120; Clerk's R. at 72-73).  *See* Tex. Penal Code Ann. §§ 12.33, 12.425(b) (West 2014).  As appellant was convicted of state jail felony theft under section 31.03(e)(4)(D), his punishment could not be enhanced with another theft conviction, and the sentence of confinement for eighteen years was void.  *Freeman v. State*, 970 S.W.2d 55, 59-60 (Tex. App.–Tyler 1998, no pet.).  *See also Rawlings v. State*, 602 S.W.2d 268, 270 (Tex. Crim. App. 1980) (applying similar prior statutes); *Ex parte Firo*, 815 S.W.2d 568, 569 (Tex. Crim. App. 1991) (same).

WHEREFORE, PREMISES CONSIDERED, the State of Texas prays that the Court of Appeals affirm the judgment of the 7th District Court of Smith County, Texas, as to the finding of guilt and remand the cause for reassessment of punishment.  *See* Tex. Code Crim. Proc. Ann. art. 44.29(b) (West 2014); *Freeman*, 970 S.W.2d at 60.

Respectfully submitted,


/s/  Aaron S. Rediker
Aaron S. Rediker
Asst. Criminal District Attorney
SBOT #: 24046692

100 North Broadway, 4th Floor
Tyler, Texas 75702
phone: (903) 590-1720
fax: (903) 590-1719
arediker@smith-county.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), the undersigned attorney certifies that the word count for this document is 426 words as calculated by Corel WordPerfect X6.

/s/  Aaron S. Rediker
Aaron S. Rediker

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 5th day of October 2015, the following have been completed:

(1) The State's Supplemental Letter Brief in the above-captioned causes was electronically filed.

(2) A copy of the foregoing letter was sent by email to Austin R. Jackson, counsel for appellant, at JLawAppeals@gmail.com.

/s/  Aaron S. Rediker
Aaron S. Rediker