NOS. 12-03-00043-CR


 12-03-00044-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


CHARLES COOPER,
§
 APPEAL FROM THE 123RD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SHELBY COUNTY, TEXAS

 

MEMORANDUM OPINION


 Charles Lee Cooper ("Appellant") appeals the trial court's orders revoking his probation in
separate causes, following which Appellant was sentenced to imprisonment for seven years in each
cause. Appellant raises two issues on appeal in each cause. We affirm. 


Background

 Appellant pleaded guilty to two separate counts of aggravated assault against a public
servant. The trial court adjudicated Appellant guilty and sentenced him to imprisonment for ten
years, but suspended the sentence and placed Appellant on probation for ten years in each cause. In
separate motions filed on June 2 and 8, 2000, the State sought to revoke Appellant's probation,
alleging that Appellant, in violation of the conditions of his probation, (1) tested positive for cocaine
use, (2) failed to report to his supervision officer, and (3) failed to make certain payments associated
with his probation. (1) 

 At the hearing on the State's motion, Appellant's attorney, in an address to the court, stated,
"Mr. Cooper has asked that I re-urge the request that he be able to use a law library himself to look
up cases and that I be permitted to withdraw as counsel." The trial court then spoke with Appellant,
who expressed dissatisfaction with his attorney's manner of representation. Nonetheless, the trial
court did not permit Appellant's attorney to withdraw.

 Appellant initially pleaded "true" to the State's allegations, but the trial court refused to
accept Appellant's plea and entered a plea of "not true" on Appellant's behalf. Following a hearing
on the merits, the trial court found the allegations in the State's motions to be "true," revoked
Appellant's probation, and sentenced Appellant to imprisonment for seven years in each cause.


Ineffective Assistance of Counsel

 In his issues one and two, Appellant argues that his trial counsel was ineffective in that he
failed to put on mitigating evidence that would have supported the imposition of a lesser sentence. 
Claims of ineffective assistance of counsel are evaluated under the two-step analysis articulated in
Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). The first step
requires the appellant to demonstrate that trial counsel's representation fell below an objective
standard of reasonableness under prevailing professional norms. See Strickland, 466 U.S. at 688,
104 S. Ct. at 2065. To satisfy this step, the appellant must identify the acts or omissions of counsel
alleged to be ineffective assistance and affirmatively prove that they fell below the professional norm
of reasonableness. See McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). The
reviewing court will not find ineffectiveness by isolating any portion of trial counsel's
representation, but will judge the claim based on the totality of the representation. See Strickland,
466 U.S. at 695, 104 S. Ct. at 2069.

 To satisfy the Strickland standard, the appellant is also required to show prejudice from the
deficient performance of his attorney. See Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim.
App. 1999). To establish prejudice, an appellant must prove that but for counsel's deficient
performance, the result of the proceeding would have been different. See Strickland, 466 U.S. at
694, 104 S. Ct. at 2068.

 In any case considering the issue of ineffective assistance of counsel, we begin with the
strong presumption that counsel was effective. See Jackson v. State, 877 S.W.2d 768, 771 (Tex.
Crim. App. 1994). We must presume counsel's actions and decisions were reasonably professional
and were motivated by sound trial strategy. See id. Appellant has the burden of rebutting this
presumption by presenting evidence illustrating why his trial counsel did what he did. See id. 
Appellant cannot meet this burden if the record does not affirmatively support the claim. See
Jackson v. State, 973 S.W.2d 954, 955 (Tex. Crim. App. 1998) (inadequate record on direct appeal
to evaluate whether trial counsel provided ineffective assistance); Phetvongkham v. State, 841
S.W.2d 928, 932 (Tex. App.-Corpus Christi 1992, pet. ref'd, untimely filed) (inadequate record to
evaluate ineffective assistance claim); see also Beck v. State, 976 S.W.2d 265, 266 (Tex. App.
-Amarillo 1998, pet. ref'd) (inadequate record for ineffective assistance claim, citing numerous other
cases with inadequate records to support ineffective assistance claim). A record that specifically
focuses on the conduct of trial counsel is necessary for a proper evaluation of an ineffectiveness
claim. See Kemp v. State, 892 S.W.2d 112, 115 (Tex. App.-Houston [1st Dist.] 1994, pet. ref'd).

 In the case at hand, the record is completely silent as to the reasons Appellant's trial counsel
chose the course he did. Although Appellant argued to the trial court that his attorney was
unprepared, Appellant's attorney informed the court that he had adequately researched the issues
involved at Appellant's revocation hearing. The record is silent as to the reasoning underlying
Appellant's attorney's decisions concerning who to call as a witness. As such, we hold that
Appellant has not met the first prong of Strickland because the record does not contain evidence
concerning Appellant's trial counsel's reasons for choosing the course he did. As such, we cannot
conclude that Appellant's trial counsel was ineffective. Appellant's issues one and two, as they relate
to Appellant's claim of ineffective assistance of counsel, are overruled.


Admonishment of Self-Representation

 As part of his first issue, Appellant argues that the court failed to admonish him regarding 
his right to represent himself. In support of his contention, Appellant cites Renfro v. State, 586
S.W.2d 496, 500 (Tex. Crim. App. 1979) and Burgess v. State, 816 S.W.2d 424, 428-29 (Tex. Crim.
App. 1991), in which the court of criminal appeals recognized that a defendant shall not be permitted
to represent himself unless the defendant has made a knowing and voluntary waiver of counsel. 
However, our review of the record does not indicate that Appellant sought to represent himself. The
record neither contains a written motion to withdraw as counsel, nor a motion to proceed pro se. 
However, Appellant's attorney did discuss the matter of his withdrawal briefly with the trial court
prior to the hearing. Appellant's attorney explained, "Mr. Cooper has asked that I re-urge the request
that he be able to use a law library himself to look up cases and that I be permitted to withdraw as
counsel." The trial court discussed the matter further with Appellant. Although Appellant made
complaints to the trial court concerning what he considered to be inadequate representation by his
trial counsel, he did not suggest to the trial court that he wished to represent himself. The trial court
denied Appellant's request and Appellant was represented by counsel at the hearing. 

 Although not stated in the Sixth Amendment, the right to self-representation--to make one's
own defense personally--is necessarily implied by the structure of the Amendment. See Faretta v.
California, 422 U.S. 806, 819, 95 S. Ct. 2525, 2533, 45 L. Ed. 2d 562 (1975). To thrust counsel
upon the accused, against his considered wish, thus violates the logic of the Amendment. Id. 522
U.S. at 820, 95 S. Ct. at 2533. However, it is a prerequisite to the requirement that the trial court
admonish the appellant that the appellant make an unequivocal assertion of the right to self-representation. See, e.g., Burgess, 816 S.W.2d at 428-29; Freeman v. State, 970 S.W.2d 55, 57
(Tex. App.-Tyler 1998, no pet.) (should the accused unequivocally assert his right to
self-representation under Faretta, persisting in that assertion after proper admonishment, the court
must allow the accused to represent himself). Here, Appellant's request through his attorney that
he be allowed to use the law library to look up cases, even when made in conjunction with his
attorney's request to withdraw, does not amount to an unequivocal request to proceed pro se. In its
conversation with Appellant, the trial court explained, "[Y]our attorney was appointed to do any
research applicable to your case. I mean, he is your law library at this time." Although Appellant
further persisted that he was dissatisfied with his attorney's performance, he never stated that he
wished to represent himself. As such, we hold that the trial court did not err in failing to admonish
Appellant regarding his right to represent himself because Appellant never expressed an unequivocal
desire to do so. The remainder of Appellant's issue one in each cause is overruled.


Conclusion 

 Having overruled Appellant's issues one and two, we affirm the judgment of the trial court
in each cause.


 


 SAM GRIFFITH 

 Justice



Opinion delivered September 10, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.


























(DO NOT PUBLISH)









COURT OF APPEALS


TWELFTH COURT OF APPEALS DISTRICT OF TEXAS


JUDGMENT



SEPTEMBER 10, 2003



NOS. 12-03-00043-CR


 12-03-00044-CR



CHARLES COOPER,


Appellant


V.


THE STATE OF TEXAS,


Appellee



 


 Appeal from the 123rd Judicial District Court


 of Shelby County, Texas. (Tr.Ct.Nos. 1996-C-074; 1996-C-075)





 



 THESE CAUSES came to be heard on the appellate record and briefs filed
herein, and the same being inspected, it is the opinion of this court that there were no errors in the
judgments.

 It is therefore ORDERED, ADJUDGED and DECREED that the judgments
of the court below be in all things affirmed, and that this decision be certified to the court below
for observance.

 Sam Griffith, Justice.

 Panel consisted of Worthen, C.J., Griffith, J., DeVasto, J.


THE STATE OF TEXAS


M A N D A T E


*********************************************




TO THE 123RD DISTRICT COURT of SHELBY COUNTY, GREETING: 


 Before our Court of Appeals for the 12th Court of Appeals District of Texas, on the 10th day
of September, 2003, the cause upon appeal to revise or reverse your judgment between


CHARLES COOPER, Appellant



NO. 12-03-00043; Trial Court No. 1996-C-074


12-03-00044-CR; Trial Court No. 1996-C-075



Opinion by Sam Griffith, Justice.



THE STATE OF TEXAS, Appellee



was determined; and therein our said Court made its order in these words:


 "THESE CAUSES came to be heard on the appellate record and briefs filed herein, and the
same being inspected, it is the opinion of this court that there were no errors in the judgments.


 It is therefore ORDERED, ADJUDGED and DECREED that the judgments of the court
below be in all things affirmed, and that this decision be certified to the court below for
observance."


 WHEREAS, WE COMMAND YOU to observe the order of our said Court of Appeals for
the Twelfth Court of Appeals District of Texas in this behalf, and in all things have it duly
recognized, obeyed, and executed.


 WITNESS, THE HONORABLE JAMES T. WORTHEN, Chief Justice of our Court of
Appeals for the Twelfth Court of Appeals District, with the Seal thereof affixed, at the City of Tyler,
this the ______ day of __________________, 200____.


 CATHY S. LUSK, CLERK



 By:_______________________________

 Deputy Clerk
1. At the hearing on the State's motion to revoke, the prosecuting attorney informed the court that the State
was not pursuing allegations that Appellant failed to make payments pursuant to his probation agreement.