### SLIM JORDAN V. THE STATE.

No. 10372. Delivered March 9, 1927.

Rehearing granted June 24, 1927.

**1.—Theft, a Misdemeanor—Indictment—Held Sufficient—Statute Construed.**

Appellant's motion to quash the indictment herein on the ground that the offense charged was malicious mischief, punishable under Art. 1346, P. C., and did not constitute theft under Art. 1410, was properly overruled.

**2.—Same—Continued.**

Art. 1346 does not repeal Art. 1410.   In Art. 1346 the offense denounced is committed by the malicious or wilful taking or removing without authority, of certain parts or equipment of an automobile, an intent to appropriate same not being essential.   Under the theft statute, the intent to appropriate must be established.

**3.—Same—Requested Charge—Properly Refused.**

Where on a trial for theft of some parts of an automobile, appellant requested a ·charge in effect that if he believed at the time that the parts were removed by him, that the car had been abandond by its owner, to acquit him.   The evidence did not raise this issue, and there was no error in refusing same.   See original opinion for collation of authorities, and discussion of this question.

ON REHEARING.

**4.—Same—Requested Charge on Defensive Theory—Erroneously Refused.**

On rehearing, a re-examination of the record impresses us that our original opinion holding that appellant's defensive theory of his belief in the abandonment of the automobile by its owner from which the parts were taken by him, was not sufficiently raised by the evidence to be submitted to the jury was erroneous.   Considering all of the facts in the record, we are now of the opinion that appellant was justified in believing the the car was abandoned, and the refusal of his special charge presenting this defense was error.   His motion for rehearing is therefore granted, and the cause now reversed and remanded.

Appeal from the County Court of Nacogdoches County.   Tried below before the Hon. A. T. Russell, Judge.

Appeal from a conviction for theft, a misdemeanor, penalty a fine of ten dollars, and ten days in the county jail.

The opinion states the case.

*Seale & Denman* of Nacogdoches, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for misdemeanor theft, punishment fixed at a fine of ten dollars and confinement in the county jail for a period of ten days.

The motion to quash the indictment is founded upon the theory that the facts averred bring it within the terms of Art. 1346, P. C. 1925, a malicious mischief statute, and exempts it from the operation of Art. 1410, P. C. 1925, a theft statute. Art. 1346 does not repeal Art. 1410.   Under Art. 1410, supra, the fraudulent taking without the owner's consent, with the intent to deprive him of its value and to appropriate it to the

use of the taker, constitute the elements of the offense. In Art. 1346, the offense is committed by the malicious or wilful taking or removing without authority, of certain parts or equipment of an automobile. This statute denounces such taking or removing as a misdemeanor, although there was no attempt to appropriate the property to the benefit of the taker or to deprive the owner of its value. In the present case, the state having charged the fraudlent taking with the intent to deprive the owner of the value thereof, thereby bringing the complaint and information under the terms of Art. 1410, supra, it is obligated to prove the facts establishing the offense of theft.

Emery Sutphen was the owner of a Ford automobile. According to his testimony, about the last of November, it was burned and left along the road side, where it remained for about fifteen days. It was left there in order that an insurance adjuster might examine it.

According to the witness Chandler, a garage man, about the first of December, appellant brought to his place of business a radiator, generator and self-starter and offered them for sale. They were worth about $20.00. Appellant at first asked $25.00 and finally $13.00, and the witness agreed to buy them at the price last mentioned.

The testimony of the witnesses introduced by the appellant indicated that before the parts were finally removed, the car had remained on the road side for about a month. Appellant testified in his own behalf that he was about thirty years of age; that he observed an automobile standing by the road side; that it had been there for about two weeks; that it was stripped of its casings and some other parts. About three days later, he returned and noticed that the cylinder-head was gone, and thinking that the car was junk, removed the radiator, generator, and self-starter and took them to his home. This occurred in the day-time. He had no intention of stealing them and believed that the car had been thrown away. He later tried to sell the parts to Chandler.

Appellant takes the position that the court was in error in failing to instruct the jury that if the appellant believed the car to have been abandoned by the owner, he would not be guilty.

"Property which has been thrown away and abandoned becomes no man's property. The former owner loses his title and all claims to it and one who finds it can claim it as his own. Hence, property which has been abandoned is not the subject of larceny." (Ruling Case Law, Vol. 17, p. 36.)

"Abandonment" means an absolute relinquishment; a giving up, a total desertion. Corpus Juris, Vol. 1, p. 5. See Dikes v. Miller, 24 Tex. Crim. Rep. 417; Worsham v. State, 56 Tex. Crim. Rep. 253; Sikes v. State, 28 S. W. 688. Abandonment includes both the intention to abandon and the external act by which the intention is carried into effect. See Corpus Juris, Vol. 1, p. 7. When the evidence is such as to raise the issue, abandonment becomes a question for the jury. See Corpus Juris, Vol. 1, p. 12, and cases collated in note 76.

Touching the circumstances from which the jury would be authorized to infer an abandonment, there are many illustrative cases collated in Corpus Juris, Vol. 1, p. 9, note 55; also p. 7, notes 37 and 38. Many of these are civil cases involving the title to property. In the reports of the decisions of this court, we find but two in point. One of these· is Sikes v. State, 28 S. W. 688, in which the opinion was written by Judge Burt. The evidence showed that two turbine water wheels had lain upon the railway right-of-way without use or interference for nine years. They belonged to one Beveridge, to whom they had been shipped from Arkansas. After remaining upon the platform of the depot for a while, the wheels were removed by Beveridge to the right-of-way. He had no intention of parting with the title to them. The station agent at Round Rock, at the request of the appellant, shipped the wheels to him at Houston. Beveridge had not taken the wheels away from the depot because his mill had been washed away and he had no immediate use for them. On this state of facts, Sikes was held guilty of theft.

In Worsham's case, 56 Tex Crim. Rep. 253, the opinion was written by Judge Ramsey and the judgment was affirmed. One of the points of attack upon the conviction was the failure of the court to charge the jury upon the issue of abandonment. The facts were these: While engaged in a game of cards with the appellant and another, one Logan executed his check in favor of the appellant for $75.00. Appellant lost in the game and delivered the check to one Perkins. Logan gave Perkins his check for $125.00, thereby redeeming the $75.00 check and getting $50.00 in money. Logan then wadded up the $75.00 check which he had thus redeemed and threw it on the floor. Worsham afterwards found it on the floor and attempted to have it cashed. The court held that there was no error in refusing to charge on the issue of abandonment.

There is no great similarity in the facts in either of these cases with those in the instant case. The principles that con-

trol are not dissimilar. Sutphen's car was disabled so that it could not be removed on its own power. He left it beside the road intending to have it inspected by an insurance agent. Some of its parts were usable and valuable and were, after the car had remained beside the road but a comparatively short time, removed by the appellant with the purpose of selling them and realizing on their value, thereby depriving the owner thereof. We fail to perceive any fact which would warrant the inference or belief on the part of the appellant that the owner of the car had parted with the title to it. He was not standing guard over it. It was not a thing that he could carry about his person. The parts which the appellant removed from it were attached to it. He had to use a monkey-wrench in detaching them. We are therefore of the opinion that the court was not in error in refusing to read to the jury the charge requested.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, Judge. — Appellant urged that we were not authorized under the facts in making the statement found in our original opinion that "We fail to perceive any fact which would warrant the inference or belief on the part of the appellant that the owner of the car had parted with the title to it." We have examined more critically the evidence on this point and are led to believe that appellant is not without grounds upon which to challenge the conclusion stated.

Appellant requested the following special charge which was refused:

"You are charged as part of the law in this case that although you may believe from the evidence beyond a reasonable doubt that defendant took the property alleged in the complaint and information, yet if you further believe from the evidence that at the time defendant took said property he believed same to have been abandoned by the owner you will acquit the defendant."

Does the evidence raise the issue presented in the refused charge? The car belonged to Sutphen. Smith held some notes against the car. The car caught fire and burned on the road while Sutphen was driving it. This was on Tuesday. It was left by him on the side of the road near a creek. He reported the burning to Smith who directed Sutphen to let the car remain where it was until the insurance adjuster came. On Saturday the owner went back to the car and discovered that the cylinder-head and two pistons had already been removed.

It was not claimed that appellant took them. Upon making the discovery that these things were gone no effort was made to protect the car from further dismantling, but it was still left unprotected on the road side. Sutphen himself removed the casings. The evidence from witnesses who traveled the road was to the effect that the car remained partly in the road for several days and was then pushed out of the road, and about a week later was pushed on to the bluff near the creek, and still later it was pushed in the creek. The witnesses observed parties at different times working about the car, apparently removing parts therefrom. It is not contended that appellant had anything to do with moving the car on these occasions or in taking any parts off the car save those charged in the information and complaint. Appellant testified as follows:

"I observed this car on the side of the road. I was going to see my brother one Sunday. The car had been there about two weeks then I think. The casings were not on it then. There was nothing to it much. Most everything was gone. I did not get anything then. In about three days I went back. I looked at the car and noticed that the cylinder-head was taken off and two rear wheels were gone. The radiator, generator and starter were on. It was standing on the side of the road and I thought it was junk. The next time I saw it, it was in the creek. I went home and got a wrench and took these parts. I just thought it had been thrown away and knew if it rained they would be ruined. I did not know whose it was. It had been there about ten days. I don't know how much longer. I took these parts home. Emory asked me about these parts and I told him that I had them. I got them in the day. One afternoon about three o'clock. It was about fifty steps from the public road, right out in view of people passing. I don't know who put it in the creek. I hadn't seen any one fooling with it. I did not intend to steal these parts. I saw the old car there and thought it had been thrown away."

The evidence of appellant may be looked to in connection with other testimony in the case to determine whether it raised the issue of belief on his part that the car had been abandoned. It is apparent from appellant's testimony that the car had been pretty well dismantled before he removed the radiator, generator and starter. He says the cylinder-head, all the casings, the two rear wheels and most everything else was gone, and that the car was in the creek at the time he removed the things specified, and says he knew if it rained the parts he took off would be ruined, and believing the car had been thrown away he took

them with no intent to steal. Bray v. State, 41 Tex. 203, (Sup. Ct.) ; Neeley v. State, 8 Tex. Crim. App. 64; Forrester v. State, 69 Tex. Crim. Rep. 62; Branch's Ann. Tex. P. C., Sec. 47.

We have reached the conclusion that we were in error in holding that the facts do not raise the issue requiring the submission of the requested charge. The motion for rehearing is granted, the judgment of affirmance is set aside and the judgment of the trial court reversed and the cause remanded.

*Reversed and remanded.*