**Andre Alec FREEMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–97–00085–CR.**

Court of Appeals of Texas,
Tyler.

April 30, 1998.

15. Tarrant County has 1,193 employees and Bex- ar County has 402.

Ebb B. Mobley, Longview, for appellant.

Patrice C. Savage, Longview, for appellee.

Before RAMEY, C.J., and HOLCOMB and HADDEN, J.

RAMEY, Chief Justice.

Andre Alec Freeman ("Appellant") was charged on October 31, 1996 with the commission of two separate misdemeanor offenses, the theft of three dresses and the theft of two cartons of cigarettes. He pled guilty to both offenses but requested that punishment be assessed by a jury in the instant case.[1] When the State read the enhancement paragraphs to the jury in the instant case, Appellant pled true to two prior misdemeanor convictions and one prior felony but alleged that the second of the alleged prior felony convictions was false. The jury found the enhancement allegations to be true and imposed a sentence of eighteen years. Appellant assigns three points of error; we will reverse the judgment of the trial court as to punishment only.

The trial court appointed counsel to represent Appellant on both charges but later allowed his counsel to withdraw at Appellant's request. Appellant requested that his appointed counsel withdraw from the case because he believed his counsel was not vigorously opposing the State's attempt to enhance the charges against him from a misdemeanor to a second degree felony under the habitual offender provisions of Section 12.42 of the Texas Penal Code. At the hearing on

---

1. Appellant pled guilty to the other offense, the theft of cigarettes, in exchange for a sentence of twelve years, to run concurrently with the sentence imposed in the instant case. That conviction is the subject of an appeal which has also been decided on this day.

the motion to withdraw and at a later pretrial hearing, Appellant frequently exhibited frustration over what he believed was the State's use of an earlier misdemeanor conviction to enhance his offense under the habitual offender section of the penal code. In the second hearing, his confusion led to several episodes of arguing with the trial judge and to warnings from the judge that Appellant might be held in contempt. Appellant thereafter appeared before the trial court pro se, with his previously appointed lawyer as stand-by counsel; at the announcement of Appellant's plea in the instant case, the court appointed new counsel for the appeals of the two convictions.

 In his first point of error, Freeman claims that the trial court erred in failing to properly admonish him of the dangers of self-representation. An accused's decision to represent himself at trial must be made knowingly, intelligently, and voluntarily. *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975); *see also* TEX.CODE CRIM. PROC. art. 1.051(g). Citing *Faretta*, the Texas Court of Criminal Appeals has explained the standards by which a criminal defendant's assertion of his right of self-representation must be reviewed:

> When a defendant asserts his pro se rights, analysis must center *not* on a traditional waiver of counsel analysis, but on whether the defendant is aware of the dangers and disadvantages of selfrepresentation. Thus the focus of the trial court's admonishments of a defendant wishing to proceed pro se is on the knowing and intelligent assertion of the right to self-representation. Such is the focus because the right to self-representation does not arise from the accused's power to waive the assistance of counsel but independently from the Sixth Amendment grant to the *accused personally* the right to defend.

*Johnson v. State*, 760 S.W.2d 277, 278 (Tex. Cr.App.1988). Therefore, the trial court is not required to ask specific questions of a defendant regarding his age, education, men-

tal health or other background information because the record may be sufficient in other respects for the court to determine whether the defendant is making a knowledgeable decision about self-representation.[2] *Id.* (citing *Martin v. State*, 630 S.W.2d 952 (Tex.Cr. App.1982) (en banc)). Rather, the record must demonstrate as a whole that the defendant was aware of his actions and proceeded "with eyes open." *Martin v. State*, 630 S.W.2d at 954. Such an assessment by this court requires evidence that the trial court admonished the defendant of the practical disadvantages of self-representation, including the fact the he would not be granted any special consideration or relief from the technicalities of the rules of evidence and procedure solely because he elects to appear pro se. *Johnson*, 760 S.W.2d at 279. Finally, should "the accused unequivocally assert his right to self-representation under *Faretta*, persisting in that assertion after proper admonishment, the court must allow the accused to represent himself." *Burgess v. State*, 816 S.W.2d 424, 428–429 (Tex.Cr.App. 1991).

As the following colloquy reveals, Freeman received such admonishments from the trial court:

> THE COURT: Are you familiar with the Rules of Evidence?
>
> APPELLANT: I have read up on some things.
>
> THE COURT: Are you familiar with the Rules of Criminal Procedure?
>
> APPELLANT: No, not really, no, sir.
>
> THE COURT: Okay. Now, do you understand that the Rules of Evidence and the Rules of Criminal Procedure are very complicated legal matters? You're aware of that?
>
> APPELLANT: Yes, sir.
>
> THE COURT: Do you also understand that, should you choose to represent yourself, you are held to the same standards as if you were a licensed practicing lawyer? Do you understand that?
>
> APPELLANT: No, I don't understand that.

2. We note that in the instant case, the trial court did ask Appellant questions regarding his edu-

cation and mental health.

THE COURT: Well, I'm telling you that's the situation. In other words, you must know when to object to the offer of evidence, the grounds upon which to make that objection. And if you do not object at the proper time, you waive or give up the right to complain that there was any error in admitting certain testimony. Do you understand that?

APPELLANT: No, sir, I don't understand that.

THE COURT: Well, I'm telling you that is the law. Now do you still want to represent yourself?

Appellant proceeded to state that he wanted "an opportunity ... to just speak my part." The trial court proceeded to emphasize that a person who represents himself may be "at a severe disadvantage" and even went so far as to relate the commonly heard saying that one who represents himself in court has a fool for a client. As Appellant continued to explain his belief that the indictment wrongly charged him with a state jail felony, the trial court admonished him further:

THE COURT: What I think you ought to do is to let Mr. Lewis [appointed counsel] make those arguments for you as your lawyer.

APPELLANT: But. . . .

THE COURT: Now, I can't force you to take Mr. Lewis as your lawyer. But I want you to know that you could dig yourself a hole much deeper by trying to represent yourself. Because you're not going to get cut any slack just because you're representing yourself. And the jury's going to know that you've chosen to represent yourself.

Appellant then complained further that his appointed counsel was not defending him vigorously enough with regard to the fact that the State classified him as a habitual offender and thus enhanced the crime charged to a felony. Finally, the trial court returned to the issue of selfrepresentation:

THE COURT: Well, tell me, do you want to represent yourself or not? This is the time to make the decision.

APPELLANT: Yeah, why not, Your Honor. I'll try. I'll try.

THE COURT: Okay. As long as you understand the consequences of representing yourself.

APPELLANT: Yeah.

As stated, when the accused persists in demanding the right to appear pro se after being properly admonished concerning the dangers and disadvantages of self-representation, the trial court must grant his wish. *Johnson,* 760 S.W.2d at 278. "In the end however, a defendant must be allowed to represent himself 'if he truly wants to do so.'" *Blankenship v. State,* 673 S.W.2d 578, 584 (Tex.Cr.App.1984) (quoting *Faretta,* 422 U.S. at 817, 95 S.Ct. at 2532). "[I]t is for the accused personally to decide whether assistance of counsel in his particular case is to his advantage, and 'his choice must be honored out of that respect for the individual which is the lifeblood of the law.'" *Martin,* 630 S.W.2d at 953 (quoting *Faretta,* 422 U.S. at 834, 95 S.Ct. at 2541). The record here reveals that Appellant received all of the proper admonishments and yet persisted in asserting his right to self-representation. Though he exhibited some confusion regarding the fact that he would be held to the same standards as a practicing lawyer regarding trial procedure, he was apprised of the standards to which he would be held, and he nevertheless continued to assert his right to take up his own defense. In this fact factual setting, we cannot say that the trial court failed to properly admonish Appellant regarding the dangers and disadvantages of self-representation. We hold that the record in the instant case properly reflects the appropriate admonishments for self-representation and that the trial court's precautions were adequate. Appellant's waiver of his right to counsel was voluntarily, intelligently, and knowingly made. Accordingly, Appellant's first point of error is overruled.

In his second point of error, Appellant contends that the trial court erred in using a prior felony theft conviction to enhance his punishment under the habitual offender provisions of Section 12.42 of the Texas Penal Code. Because the indictment alleged that Appellant had two prior misdemeanor theft convictions, he was charged under § 31.03(e)(4)(D) of the penal code with a

state jail felony for the theft of the three dresses: "... (e) an offense under this section ... (4) is a state jail felony if ... (D) the value of the property stolen is less than $1,500 and the defendant has been previously convicted two or more times of any grade of theft." Tex. Pen.Code Ann. § 31.03(e)(4)(D) (Vernon Supp.1998). Typically, a state jail felony carries with it a possible term of confinement of "not more than two years or less than 180 days." Tex. Pen.Code Ann. § 12.35(a) (Vernon 1994). Section 12.42(a) of the code, however, allows for enhancement of the punishment for a state jail felony when the defendant qualifies as a repeat or habitual offender:

> (a)(2) If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felonies, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished for a second-degree felony.

Tex. Pen.Code Ann. § 12.42(a)(2) (Vernon Supp.1998). As stated, Appellant was sentenced under this provision.

The two prior felony convictions used by the State to enhance Appellant's punishment under this code provision were a 1986 conviction for burglary of a vehicle and a 1991 felony theft conviction. Appellant argues that the 1991 conviction of felony theft[3] should not have been used to enhance his punishment for the primary offense because penal code section 31.03(e)(4)(D), quoted above, is the only appropriate enhancement provision when the State seeks to enhance a state jail felony theft with a prior theft conviction of any kind: "if ... the defendant has been previously convicted two or more times of *any* grade of theft." Tex. Pen.Code Ann. § 31.03(e)(4)(D) (emphasis added).

Appellant urges this Court to apply the reasoning of the Texas Court of Criminal Appeals in *Rawlings v. State*, 602 S.W.2d 268 (Tex.Cr.App.1980), which examined an earlier provision of the Penal Code and held that prior felony theft convictions could not be used to enhance, pursuant to Penal Code § 12.42(a), the punishment for a third degree felony theft under then section 31.03(d)(4)(C).[4] That section, now amended, used language identical in most respects to the current version of section 31.03(e)(4)(D), quoted above, concerning state jail felonies and provided that a theft of property was "a felony of the third degree if: ... (C) the value of the property stolen is less than $200 and the defendant has been previously convicted two or more times of any grade of theft." *Rawlings*, 602 S.W.2d at 270. The court held that the enhancement provision of section 31.03(d)(4)(C), because it included *all* convictions of *any* grade of theft, was a special enhancement provision that prevented the application of the general enhancement provisions of section 12.42 as to any prior felony conviction for theft. *Id.* at 270–71. In a more recent opinion, decided after subsection (d)(4)(C) had been redesignated as subsection (e)(4)(E) [formerly (d)(4)(C) ] and before the amendment regarding state jail felonies, the court explained its position further: "[w]e determined in *Rawlings* that the apparent intent of the Legislature was to punish all offenders under subsection (e)(4)(E) as third-degree felons and not second-degree felons." *Ex parte Firo*, 815 S.W.2d 568, 569 (Tex.Cr.App.1991).

▪ The State argues that the holding of *Rawlings* is inapposite here because the special enhancement provision that was the subject of *Rawlings* has been repealed and because "nothing in the wording [of section 12.42] excepts theft convictions as prior felony convictions for purposes of enhancement as a habitual offender." We find the State's argument unconvincing in view of the fact that the pertinent language of section 31.03(e)(4)(E) is identical to that of the repealed section 31.03(e)(4)(E) which was the subject of the holding in *Rawlings*. The same reasoning which prompted the holding of *Rawlings* and the cases which have followed it applies in the instant case. *See, e.g.*, *Ex parte Firo*, 815 S.W.2d 568. We hold that the trial court erred in allowing the

---

**3.** *Cause number 19,621–A in the 188th District Court of Gregg County.*

**4.** Act of June 14, 1973, 63 rd Leg., R.S., ch. 399, 1973 Tex. Gen. Laws 930 (subsequently amended).

enhancement of the punishment received by Appellant under section 12.42(a)(2) of the penal code because one of the prior felony convictions relied upon for enhancement under that provision was a felony theft conviction.

The State argues that even in the event that the trial court did err in using the prior felony theft conviction to enhance Appellant's punishment under section 12.42, Appellant failed to preserve the error for appellate review because he did not lodge a proper objection to the enhancement. The error here constituted fundamental error, and we may sustain Appellant's point of error even in the absence of an objection before the trial court. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Cr.App.1984). Consequently we sustain Appellant's second point of error.

Appellant's third point of error is rendered moot, and we need not consider it. The judgment of the trial court is reversed only as to punishment and is in all other respects affirmed; the cause is remanded for proceedings consistent with this opinion.