ACCEPTED
12-15-00154-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
9/22/2015 1:27:36 PM
Pam Estes
CLERK

**12-15-00154-CR**

RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS
9/22/2015 1:27:36 PM
PAM ESTES
Clerk

IN THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

**DANIEL LEE KNOD**

**Appellant,**

**v.**

**THE STATE OF TEXAS**

**Appellee**

FILED

9-22-2015

Twelfth Court of Appeals
Pam Estes
Clerk

On Appeal from the Seventh District Court of Smith County, Texas
Trial Cause No. 007 -0010-15

**APPELLANT'S AMENDED BRIEF**
**ORAL ARGUMENT NOT REQUESTED**

Austin Reeve Jackson
Texas Bar No. 24046139
112 East Line, Suite 310
Tyler, TX 75702
Telephone: (903) 595-6070
Facsimile:  (866) 387-0152

# IDENTITY OF PARTIES AND COUNSEL

**Attorney for Appellant**

Appellate Counsel:
Austin Reeve Jackson
112 East Line, Suite 310
Tyler, TX 75702

Trial Counsel:
Kurt Noell
231 S. College Ave.
Tyler, TX 75702

**Attorney for the State on Appeal**

Michael J. West
Assistant District Attorney, Smith County
4th Floor, Courthouse
100 North Broadway
Tyler, TX 75702

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ..................................................................ii

TABLE OF CONTENTS..........................................................................................iii

INDEX OF AUTHORITIES ......................................................................................iv

STATEMENT OF THE CASE....................................................................................2

ISSUE PRESENTED..................................................................................................2

STATEMENT OF FACTS ..........................................................................................2

SUMMARY OF THE ARGUMENT ..........................................................................3

ARGUMENT ..............................................................................................................4

   **I.   THE TRIAL ERRED IN DENYING A TIMELY REQUESTED JURY INSTRUCTION AS TO THE DEFENSE OF MISTAKE OF FACT**..........................................................................................4

   Standard of Review...............................................................................................4

   Applicable Statutes ..............................................................................................5

   Applying This Law to The Instant Case ..............................................................6

   Mr. Knod was Entitled to the Instruction ..........................................................12

   The Trial Court's Denial of the Instruction Harmed Mr. Knod ..........................13

   **II.   THE SENTENCE IMPOSED EXCEECED THE MAXIMUM PERMISSIBLE SETNENCE AND, THEREFORE, IS VOID** ...............17

   Standard of Review.............................................................................................17

   The Sentence Imposed was Improperly Enhanced and is Void...........................17

CONCLUSION AND PRAYER ................................................................................20

CERTIFICATE OF SERVICE ..................................................................................21

CERTIFICATE OF COMPLIANCE..........................................................................21

APPENDIX A -- DEFENDANT'S REQUESTED MISTAKE OF FACT INSTRUCTION..........................................................................................................22

APPENDIX B -- CHARGE OF THE COURT TO JURY ...........................................24

# INDEX OF AUTHORITIES

## TEXAS SUPREME COURT AND COURT OF CRIMINAL APPEALS:

*Almanza v. State*,
   686 S.W.2d 157 (Tex.Crim.App. 1985) ........................................................ 4, 5, 13

*Arline v. State*,
   721 S.W.2d 348 (Tex.Crim.App. 1986) ........................................................ 14

*Beggs v. State*,
   597 S.W.2d 375 (Tex.Crim.App. 1980) ........................................................ 16

*Celis v. State*,
   416 S.W.3d 419 (Tex.Crim.App. 2013) ........................................................ 12

*Granger v. State,*
   3 S.W.3d 36 (Tex.Crim.App. 1999) ........................................................ 6

*Hamel v. State,*
   916 S.W.2d 491 (Tex.Crim.App. 1996) ........................................................ 5, 12

*Jackson v. State,*
   646 S.W.2d 225 (Tex.Crim.App. 1983) ........................................................ 17

*Jordan v. State,*
   107 Tex.Crim. 414, 296 S.W. 585 (1927) ........................................................ 7

*Levy v. State,*
   818 S.W.2d 801 (Tex.Crim.App. 1991) ........................................................ 17, 20

*Mendoza v. State,*
   88 S.W.3d 236 (Tex.Crim.App. 2002) ........................................................ 5, 6

*Miller v. State,*
   815 S.W.2d 582 (Tex.Crim.App. 1991) ........................................................ 13

*Mizell v. State,*
   119 S.W.3d 804 (Tex.Crim.App. 2003) ........................................................ 17

**TEXAS SUPREME COURT AND COURT OF CRIMINAL APPEALS (CON'T):**

*Ovalle v. State,*
13 S.W.3d 774 (Tex.Crim.App. 2000) .......................................................4

*Rawlings v. State,*
602 S.W.2d 268 (Tex.Crim.App. 1980) .....................................................18

*Willis v. State,*
790 S.W.2d 307 (Tex.Crim.App. 1990) .....................................................5

*Woodfox v. State,*
742 S.W.2d 408 (Tex.Crim.App. 1987) .....................................................6


**TEXAS COURTS OF APPEAL:**

*Bang v. State,*
815 S.W.2d 838 (Tex.App.—Corpus Christi 1991) ....................................13

*Brown v. State,*
14 S.W.3d 832 (Tex.App.—Austin 2000) ...................................................19

*Durden v. State,*
290 S.W.3d 413 (Tex.App.—Texarkana 2009)..............................13,14,15

*Egger v. State,*
817 S.W.2d 183 (Tex.App.—El Paso 1991) ...............................................5

*Freeman v. State,*
970 S.W.2d 55 (Tex.App.—Tyler 1998).................................................18, 19

*Green v. State,*
899 S.W.2d 245 (Tex.App.—San Antonio 1995)........................................16

*Ingram v. State,*
261 S.W.3d 749 (Tex.App.—Tyler, 2008)...............................................10, 11

**TEXAS COURTS OF APPEAL (CON'T):**

*Murchison v. State,*
   93 S.W.3d 239 (Tex.App.—Houston [14th Dist.] 2002)............................6

*Ochoa v. State,*
   119 S.W.3d 825 (Tex.App.—San Antonio 2003)..........................................4

*Sands v. State,*
   64 S.W.3d 488 (Tex.App.—Texarkana 2001)...............................................13

**STATUTES:**

TEX. CODE CRIM. PROC. art. 36.19 ....................................................... 4, 13-14

TEX. CODE CRIM. PROC. art. 44.29 ....................................................... 20

TEX. PEN. CODE § 8.02 ........................................................................... *passim*

TEX. PEN. CODE § 12.35 ......................................................................... 20

TEX. PEN. CODE § 12.425 ....................................................................... 18, 19

TEX. PEN. CODE § 31.03 ......................................................................... *passim*

**12-15-00154-CR**

IN THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

**DANIEL LEE KNOD**

**Appellant,**

**v.**

**THE STATE OF TEXAS**

**Appellee**

On Appeal from the Seventh District Court of Smith County, Texas
Trial Cause No. 007 -0010-15

**TO THE HONORABLE JUSTICES OF THE COURT:**

Comes now, Daniel Knod, by and through his attorney of record, Austin Reeve Jackson, and files this his brief pursuant to the Texas Rules of Appellate Procedure, and would show the Court as follows:

## STATEMENT OF THE CASE

Daniel Knod appeals his conviction and sentence for the offense of felony theft. (I CR 72). Mr. Knod was indicted for this offense in the Seventh District Court of Smith County in January of 2015. (I CR 2). To this charge he entered a plea of "not guilty" and proceeded to trial by jury. (I CR 72). Ultimately, Mr. Knod was found guilty and sentence by the trial court to serve a term of eighteen years' confinement. (*Id*.). Sentence was pronounced on 27 May and notice of appeal then timely filed. (I CR 69, 72).

## ISSUE PRESENTED

**I. THE TRIAL COURT ERRED IN DENYING A TIMELY REQUESTED JURY INSTRUCTION AS TO THE DEFENSE OF MISTAKE OF FACT.**

**II. THE SENTENCE IMPOSED EXCEEDED THE MAXIMUM PERMISSIBLE SENTENCE AND, THEREFORE, IS VOID.**

## STATEMENT OF THE FACTS

In December of last year an employee at Hall GMC in Tyler noticed a vehicle drive out to some dumpsters located on Hall's property. (VI RR 49). The dumpsters included bins for recycling and scrap as well as trash. (VI RR 114-15). The vehicle stopped in that area and a man exited, picked up a large metal wheel rim, placed the rim in the car, and reentered the vehicle just before it drove off of Hall's lot. (VI RR 50-52). The employee notified his manager and they deter-

2

mined that the rim had been taken. (VI RR 53-54). Minutes later, Appellant, Mr. Daniel Knod, sold what was identified as the same rim to a scrap yard just down from Hall. (VI RR 72-74). When law enforcement later learned of this, they prepared a warrant and eventually arrested Mr. Knod for the offense of theft of the rim. (VI RR 139).

To the charge for which he was ultimately indicted, felony theft, Mr. Knod entered a plea of "not guilty" and proceed to trial by jury. (I CR 2, 72). After the jury found him to be guilty he asked the trial court to impose punishment. (I CR 72). Based on his criminal history the range of punishment was enhanced to that of a second degree felony and the trial court imposed punishment at the high-end of that range; eighteen years' confinement. (I CR 72). Sentence was pronounced on 27 May and notice of appeal then timely filed. (I CR 69, 72).

## SUMMARY OF THE ARGUMENT

A defendant in a criminal case has the right to have the jury instructed to the law applicable to the case including any defensive issues. Thus, where the evidence before the court raises the possibility that a mistake of fact negates the culpable mental state for the offense charged and the defendant timely requests such an instruction, a trial court errs in refusing to include it in its charge to the jury. Further, where that omission harms a defendant, an appellate court should reverse the judgment of the trial court and remand the case for a new trial.

3

Under Section 31.03(e)(4)(D) of the Penal Code, a defendant who is charged with committing a state jail felony theft on the basis of having two or more prior convictions for theft, cannot have the punishment range applicable to his offense further enhanced on the basis of additional felony theft convictions. Where the State has done so and the result has been the imposition of a sentence that exceeds the statutory range of punishment for a state jail felony, the resulting sentence is void and the case must be remanded for a new hearing on punishment.

## ARGUMENT

### I. THE TRIAL COURT ERRED IN DENYING A TIMELY REQUESTED JURY INSTRUCTION AS TO THE DEFENSE OF MISTAKE OF FACT.

<u>Standard of Review</u>

An appellate court's review of alleged jury charge error is a two-step process. *Ochoa v. State*, 119 S.W.3d 825, 828-29 (Tex.App.—San Antonio 2003, no pet.). Initially, a court must determine if the complained of error does, in fact, constitute error. TEX. CODE CRIM. PROC. ANN. art. 36.19 (Vernon 2009); *Ochoa*, 119 S.W.3d at 828. If so, the court then determines whether the error resulted in harm sufficient to warrant a reversal. *Ochoa*, 119 S.W.3d at 828. If the error in the charge was brought to the trial court's attention by way of a timely objection, reversal is required if the appellant can show the lesser standard of "some harm." *Ovalle v. State*, 13 S.W.3d 774, 786 (Tex.Crim.App. 2000); *Almanza v. State*, 686

4

S.W.2d 157, 171 (Tex.Crim.App. 1985) (op. on reh'g). Whether harm resulted is determined by reviewing the record as a whole. *Almanza*, 686 S.W.2d at 171.

Applicable Statutes

In this case Mr. Knod was charged with the offense of theft. (I CR 2). Under Section 31.03 of the Texas Penal Code, a person commits the offense of theft if they "unlawfully appropriate[] property with intent to deprive the owner of property." TEX. PEN. CODE § 31.03(a). Appropriation is unlawful if it is done without the owner's consent. TEX. PEN. CODE § 31.03(b). To this, and other offenses, there exists a statutory defense of "mistake of fact" where such mistake affects the actor's "culpable mental state regarding commission of the offense charged." TEX. PEN. CODE § 8.02; *Egger v. State*, 817 S.W.2d 183, 187 (Tex.App.—El Paso 1991, pet. ref'd) (*citing Willis v. State*, 790 S.W.2d 307, 314 (Tex.Crim.App. 1990).[1]

When evidence from any source raises a defensive issue and the defendant properly requests a jury charge on that issue, the trial court must submit the issue to the jury. *Mendoza v. State*, 88 S.W.3d 236, 239 (Tex.Crim.App. 2002). This is true regardless of whether the evidence is weak or strong, unimpeached or contradicted, and regardless of what the trial court may think about he credibility of the defense. *Hamel v. State*, 916 S.W.2d 491, 493 (Tex.Crim.App. 1996).

---

[1] Section 8.02 provides: "It is a defense to prosecution that the actor thorough mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense." TEX. PEN. CODE § 8.02(a).

Thus, within the context of a mistake of fact defense, the only issue before the court at trial is whether there is some evidence, if believed, that raises the defense by negating the defendant's culpable mental state. *Murchison v. State*, 93 S.W.3d 239, 252 (Tex.App.—Houston [14th Dist.] 2002, pet. ref'd). Neither the trial court nor an appellate court passes judgment on whether the defendant's mistaken belief was reasonable. *Granger v. State*, 3 S.W.3d 36, 39 (Tex.Crim.App. 1999). Rather, if there is some evidence at all, the issue must be submitted to the jury for them to resolve that question. *Id.*; *Mendoza*, 88 S.W.3d at 239; *see also Woodfox v. State*, 742 S.W.2d 408, 410 (Tex.Crim.App. 1987) ("When a judge refuses to give an instruction on a defensive issue because the evidence supporting it is weak or unbelievable, he effectively substitutes his judgment on the weight of the evidence for that of the jury.").

Applying This Law to The Instant Case

Because Mr. Knod was charged with the offense of theft, the State was required to prove that he took the allegedly stolen property, the rim, with the intent to deprive the owner of that property. TEX. PEN. CODE § 31.03. The intent to deprive the owner of the property is the culpable mental state. *Id.* Thus, if Mr. Knod did not intent to deprive the owner of the rim, there was no theft. *Id.*; *Granger*, 3 S.W.3d at 41; *Murchison*, 93 S.W.3d at 252.

6

In support of the idea that Mr. Knod was not acting with any intent to deprive the owner of the rim of that property, important evidence was developed at trial. For example, there was testimony from multiple witnesses that the rim was located in a trash / recycling area near a dumpster where one could conclude that it had been abandoned. *See Jordan v. State*, 107 Tex.Crim. 414, 296 S.W. 585 (1927) (abandoned property cannot be the subject of theft); (VI RR 67-68, 11).

> Mr. Knod: Now … in Exhibit Number 8 there's a fenced area. And inside that little fenced area there's a dumpster?
> Witness: Yes, sir
>
> …
>
> Mr. Knod: [A]ctually, [there are] two or three more dumpsters … correct?
>
> Witness: Yes, sir.
>
> …
>
> Mr. Knod: Other than maybe the dumpster with – which designates it's for cardboard – the blue one on the right side. There's nothing saying to anyone, other than employees of Hall, that these materials are being held for recycling, is there?
>
> Witness: There's no bin there –
>
> Mr. Knod: Well, there's nothing that says any of these materials are being held for recycling by Hall GMC?
>
> Witness: No, sir.
>
> Mr. Knod: Not a sign that says "recycling area" or anything like that?
>
> Witness: No, sir.

7

Mr. Knod: In fact, the most common thing you put in dumpsters is trash, correct?

Witness: Yes, sir.

(VI RR 67-68).

Mr. Knod went on to develop evidence that the rim was located near an actual trash dumpster and piles of trash-like materials such as broken pallets. (VI RR 68, 114-15). Moreover, Mr. Knod established that the dumpster area from which the rim was taken, while in a gated area, was not secured. (VI RR 116). In fact, the gates were open and there was nothing indicating that the area was for employees only or subject to a "no trespassing" restriction. (*Id*.).







As State's Exhibits 8, 9, and 10[2] make obvious to any viewer, the rim taken in this case was taken from an area one could reasonable assume contained abandoned and discarded rubbish; or, in the parlance of Section 31.03, property that

---

[2] (IX RR 26-31).

could not be the subject of a theft offense. *Ingram v. State*, 261 S.W.3d 749, 753 (Tex.App.—Tyler 2008, no pet.) ("[I]t is possible to take possession of abandoned property without committing a theft or intending to commit a theft.").

In addition to this evidence, Mr. Knod also argued that his behavior in selling the rim, during which transaction he was on camera and surrendered a copy of his driver's license complete with identifying information, further showed that he believed he had a right to do what he was doing and was not acting in the deceitful or secretive manner one might expect from a person in knowing possession of stolen property. (VI RR 79-80, 84-86, 94-97).

Based on the totality of this argument, Mr. Knod sought to argue to the jury that he should be acquitted because he did not intend to unlawfully deprive anyone of the rim. (VI RR 162-65).

The Requested Instruction

Although we now know that the owner of the rim did not intend to abandon it, because there was some evidence indicating that the rim had been abandoned and that Mr. Knod was acting in a manner consistent with someone who had found property rather than stolen it, Mr. Knod sought a mistake of fact instruction. (VI RR 173-74, 175-76). Specifically, the requested charge read:

> It is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense.

10

(I CR Supp.).[3]  The trial court, however, denied the charge.  (VII RR 10-11).

In part, the court denied the charge based on this Court's holding in *Ingram*, 261 S.W.3d 749 (Tex.App.—Tyler 2008).  The trial court understood *Ingram* to say, in order for a defendant to be entitled to a mistake of fact defense in similar circumstances, there must be some testimony that the property taken was actually "abandoned or trash or otherwise."  (VII RR 8).  This, however, is not what the Court held in *Ingram*.  *Id*. at 754.  Rather, the Court in that case focused its analysis on the fact that under Texas law one cannot abandon real property.  *Id*. at 753-54.  Thus, because the defendant in *Ingram* had committed a burglary of a habitation, even if the property owner had abandoned the personal property inside the home, the person who held title to the real property in which the personal property was located had a greater possessory interest in the personal property taken than did the defendant.  *Id*. at 754.  "Consequently, even if Appellant believed the personal property to be abandoned, his mistake was a mistake of law, not a mistake of fact – Appellant intended to take the personal property for himself from the real property of another; he just did not know such a taking was illegal."  *Id*.

Nowhere does *Ingram* impose a requirement that there be some evidence that property was actually abandoned before a defendant is entitled to a mistake of

---

[3] Although the order denying the requested charge was included in the initial Clerk's Record, the requested charge itself was not.  (I CR *gen*.).  Counsel has today filed a request with the Smith County District Clerk to create a supplemental record that includes the document filed by Mr. Knod in which the request for this language was made.  A copy of the requested charge is attached to this brief as "Appendix A."

fact instruction under circumstances like those currently before the Court. To have such a requirement would, first, make mistake of fact in applicable for if the owner of property were to testify that he had abandoned property allegedly stolen from him there could be no offense. TEX. PEN. CODE § 31.03. Second, such a requirement would ignore the rationale behind a mistake of fact defense that protects an actor who commits an offense with no intent to do so but merely because he fails to understand the facts of a situation as they actually are. *See Celis v. State*, 416 S.W.3d 419, 451-52 (Tex.Crim.App. 2013) (discussing purpose behind mistake of fact defense and noting, "The law should not punish those who have made reasonable mistakes about he facts or circumstances surrounding their acts.").

Nonetheless, the trial court, which was the same court in which Ingram was initially tried, took Ingram as "probably the most persuasive authority that I was able to find," and largely on that basis denied Mr. Knod's requested charge. (VII RR 10-11).

<u>Mr. Knod was Entitled to the Instruction</u>

Because there was some evidence, the fact that the rim was located amidst a group of dumpsters with trash, scrap, and recycling, Mr. Knod's innocent behavior when selling the rim, for example, that if believed supported a mistake of fact defense, the trial court should have given the requested instruction. *Hamel*, 916 S.W.2d at 493. Appellant will concede that, ultimately, the jury could have decid-

ed with the view taken by the State and the trial court that the evidence supporting the defense was too weak or the conclusion too far-fetched to be resolved in Mr. Knod's favor, but he nonetheless had the right to have that issue resolved not by the judge but by the jury. *Sands v. State*, 64 S.W.3d 488, 494 (Tex.App.— Texarkana 2001, no pet.); *see also Durden v. State*, 290 S.W.3d 413, 419 (Tex.App.—Texarkana 2009, no pet.) (That the evidence supporting mistake of fact defense "might have been seen by the trial court or the jury as feeble, contra-dicted, impeached, or incredible" does not undermine a defendant's "entitlement to a defensive instruction."). Where the trial court deprived him of that right, and de-prived the jury of that opportunity, the court erred and this Court should hold that Mr. Knod was entitled to his requested mistake of fact instruction. *See, e.g., Bang v. State*, 815 S.W.2d 838, 842 (Tex.App.—Corpus Christ 1991, no pet.) (*citing Miller v. State*, 815 S.W.2d 582, 585 (Tex.Crim.App. 1991) ("When an accused creates an issue of mistaken belief as to the culpable mental element of the offense, he is entitled to a defensive instruction on 'mistake of fact.'").

<u>The Trial Court's Denial of the Instruction Harmed Mr. Knod</u>

Because the trial court erred in failing to give the requested instruction, the Court must determine whether that error harmed Mr. Knod. *Almanza*, 686 S.W.2d at 171. As there was a timely request for the instruction to be given, the standard is whether there was "some harm," that is, "any harm." *Id*.; TEX. CODE CRIM. PROC.

13

art. 36.19; *see also Arline v. State*, 721 S.W.2d 348, 351 (Tex.Crim.App. 1986) ("some" and "any" are synonyms when determining the amount of scrutiny to be applied).

Here, the jury was instructed that Mr. Knod could only be found guilty if the jury concluded that he had appropriated property "with the intent to deprive the owner of the property…." (I CR Supp. (Jury Charge at Paragraph 7)).[4] The Sixth Court of Appeals has held that such an instruction mitigates against a finding of harm:

> While the trial court did err by denying the mistake-of-fact instruction, the jury's verdict inferentially resolved the issue that would have otherwise been required via the requested instruction.

*Durden*, 290 S.W.3d at 421.

However, Appellant would urge the Court to consider Justice Mosely's informative dissent in that case. *Id.* Unlike the majority, which saw the thread of mistake of fact as a defense running throughout the entire trial and concluded, for that reason, that no harm resulted in the denial of the requested instruction, Justice Mosely saw the opposite. *Id.* at 422-23.

> The centrality of the question of the mistake-of-fact defense in the trial is undeniable. A jury is not nearly so precise about words as judges and lawyers; such things as "with the intent to deprive" might not be as concrete to a juror as to a trained legal specialist. An instruction in

---

[4] As part of the aforementioned supplemental record request, Mr. Knod has also asked the District Clerk to forward to the Court the missing jury charge. A copy of the same is attached as "Appendix B."

14

the charge which would have explained the mistake-of-fact defense would have served to magnify its importance and the viability of the defense which had ben mounted. [The defendant] could have then correctly argued on closing that the jury must first have found that there was no mistake of fact before it went on to discuss whether the State had met its burden of proof on each of the elements of the charged offense. He could further have used the requested instruction to emphasize in closing argument that it was not just his opinion that the jury could not find guilt if there had been a mistake of fact, but that the court had instructed it precisely that mistake of fact was a valid defense.

*Id*. at 423.

The harm about which Justice Mosely was concerned is also evident in the case before the Court. From the first witness through the last Mr. Knod attempted to establish that there was a legitimate and reasonable basis from which one could conclude that Hall GMC had abandoned and discarded the rim that was taken in this case and, as such, that if Mr. Knod was guilty of anything it was only of having made an honest mistake about the circumstances surrounding the rim being placed among a group of dumpsters, bins, and trash piles. While we do not know whether the jury would have we do know, as Justice Mosely writes, that having the judge tell the jury that the argued defense has legal validity as a concept is far weightier and more effective than the same argument coming from defense counsel. *Id*. at 423 (the charge from the court would have added "additional emphasis [on the defendant's] sole defense to the charge). This is particularly true where, as here, closing argument began with the State attempting to discredit not only any

15

defense raised by Mr. Knod, but also by explicitly attempting to discredit Mr. Knod's defense counsel:

> [I]n a criminal case both sides are not seeking the same thing. And that's why, while [defense counsel] and I practice both [sic] criminal law, his job and my job are startlingly different.
>
> I mention that, at this point, because you know, my oath as a prosecutor is to seek justice in any particular case, not necessarily just get a conviction at all costs. It's to seek justice. [Defense counsel's] obligation is to his client. So unlike [defense counsel], I'm not bound and I'm not influenced by the nonsensical whims of a criminal.

(VII RR 20).

The San Antonio Court of Appeals recognized just this type of harm in *Green v. State* where that Court reversed a theft conviction where trial counsel failed to request a mistake of fact instruction where appropriate. *Green v. State*, 899 S.W.2d 245 (Tex.App.—San Antonio 1995, no pet.). Relying on the Court of Criminal Appeals' holding in *Beggs v. State*, 597 S.W.2d 375 (Tex.Crim.App. 1980), the Court noted:

> The failure of the charge to apply the law to the facts is calculated to injury the rights of the defendant to a trial by jury; it deprives him of a neutral and unbiased application of the law, leaving that function to the partisan advocacy of opposing counsel in argument.

*Green*, 899 S.W.2d at 245 (*quoting Beggs*, 597 S.W.2d at 379 ) (internal citations omitted).

Because as a result of the trial court's denial of his requested mistake of fact instruction Mr. Knod was denied his right to have the correct law correctly applied

16

to the facts of his case and to have all issues of fact resolved by the jury, the Court should hold, regardless of any other language in the charge, that Mr. Knod was harmed by the trial court's error. To hold otherwise "would be to strike Section 8.02 from the Penal Code." *Jackson v. State*, 646 S.W.2d 225, 225 (Tex.Crim.App. 1983) (en banc). Consequently the Court should reverse the judgment of the trial court and remand the case for a new trial.

## II. THE SENTENCE IMPOSED EXCEEDED THE MAXIMUM PERMISSIBLE SENTENCE AND, THEREFORE, IS VOID.

Because Mr. Knod should be given a new trial on the basis of the first issue raised, the Court need not address his second issue. However, should the Court hold against Appellant on that initial issue, a review of his sentencing reveals that that the judgment on punishment should be reversed and the case remanded for a new hearing on sentencing.

### Standard of Review

A sentence that is outside the statutory range of punishment for the offense of conviction is void. *Mizell v. State*, 119 S.W.3d 804, 806 (Tex.Crim.App. 2003). The allegation that a sentence is void may be raised for the first time on appeal. *Levy v. State*, 818 S.W.2d 801, 802 (Tex.Crim.App. 1991).

### The Sentence Imposed was Improperly Enhanced and is Void

In this case Mr. Knod was charged with the offense of theft, a Class A misdemeanor as alleged. (I CR 2); Tex. Pen. Code § 31.03(e)(3). Because he had at

17

least two prior convictions for theft the offense level was enhanced to that of a State Jail Felony. TEX. PEN. CODE § 31.03(e)(4)(D).

During the punishment phase of trial the State alleged that Mr. Knod had two prior felony convictions: one for theft and one for retaliation. (VIII RR 29-30). The State offered the prior judgments from each case and unquestionably proved they were true. (VIII RR 29; IX RR PI, P2). Thus, the State and the trial court believed it had been proved that Mr. Knod was a habitual offender and should have his punishment range enhanced to that of a second degree felony. TEX. PEN. CODE 12.425(b). As a result, Mr. Knod was sentenced to serve eighteen years' confinement. (I CR 72).

However, because one of the prior felony convictions alleged was a theft conviction, as this Court has previously held, it could not be used to enhance the offense level beyond that of a state jail felony. *See Freeman v. State*, 970 S.W.2d 55, 58-60 (Tex.App.—Tyler 1998, no pet.). In *Freeman*, this Court noted that the theft provision under which Mr. Knod was charged, Penal Code Section 31.03(e)(4)(D), "was a special enhancement provision hat prevented the application of the general enhancement provision of section 12.42 [of the Penal Code] as to any prior felony convection for theft." *Id*. at 59 (*citing Rawlings v. State*, 602 S.W.2d 268, 270-71 (Tex.Crim.App. 1980). Discussing the holding in *Freeman*, the Austin Court of Appeals has explained:

18

> Section 31.03(e)(4)(D) provides that theft of property having a value of less than $1500 is a state jail felony if the defendant "has been previously convicted two or more times of any grade of theft." Under this subsection, a defendant's history of theft convictions, regardless of their number or degree, cannot elevate a subsequent theft of property worth less than $1500 beyond the status of a state jail felony. For this reason, the punishment for [a] third offense [of] theft under section 31.03(e)(4)(D) cannot be enhanced pursuant to section 12.42(a) by proof of additional felony theft convictions.

*Brown v. State*, 14 S.W.3d 832, 832-33 (Tex.App.—Austin 2000, pet. ref'd) (*citing Freeman*, 970 S.W.2d at 59-60).

The prior holding of this Court makes clear that the previous felony theft alleged by the State to enhance Mr. Knod's punishment in the instant theft case should not have been used for that purpose. *Freeman*, 970 S.W.2d at 60. Removing it from consideration, the State alleged and proved on the one prior felony conviction for retaliation. (VIII RR 29). A conviction for a sate jail felony cannot have its punishment range enhanced on the basis of a single prior felony conviction absent specific circumstances not applicable in this case. *See* TEX. PEN. CODE § 12.425.[5] Consequently, the applicable punishment range in this case was that of only a state jail felony. TEX. PEN. CODE § 31.03(e)(4)(D); *Brown*, 14 S.W.3d at 833; *see also* TEX. PEN. CODE § 12.425(a) (a defendant convicted of a state jail felony shall be punished for a second degree felony if he has two prior felonies).

---

[5] For example, a state jail felony with one prior felony conviction for an offense that included an affirmative finding of a deadly weapon could be enhanced to a second degree felony. *See* TEX. PEN. CODE § 12.425(c).

19

The punishment range for a state jail felony is confinement for a period of six months to two years. TEX. PEN. CODE § 12.35. Thus, Mr. Knod's eighteen year sentence is well-outside that range. (I CR 72). A sentence that exceeds the maximum possible sentence authorized by law is void. *Levy*, 818 S.W.2d at 802. Therefore, the Court must reverse that portion of the judgment imposing sentence and remand the case for a new punishment hearing. *See* TEX. CODE CRIM. PROC. art. 44.29(b).

## CONCLUSION AND PRAYER

Given that Mr. Knod suffered some harm as the result of the trial court's refusal to include the requested jury instruction regarding mistake of fact, a request to which he was entitled, it is respectfully prayed that the Court reverse the judgment below and remand the case for a new trial.

Alternatively, because the sentence in this case was improperly enhanced and the resulting punishment imposed void, the Court should reverse the punishment portion of the judgment and remand the case for a reassessment of sentence.

Respectfully submitted,

/s/ Austin Reeve Jackson
Texas Bar No. 24046139
112 East Line, Suite 310
Tyler, TX 75702
Telephone: (903) 595-6070
Facsimile: (866) 387-0152

20

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this brief was delivered to counsel for the State by efile / facsimile concurrently with its filing in the Court.

/s/Austin Reeve Jackson

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the requirements of Rule 9.4 and consists of 4,662 words.

/s/ Austin Reeve Jackson

## Appendix A

## Defendant's Requested Mistake of Fact Instruction

NO. 007-0010-15



| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | SMITH COUNTY, TEXAS |
| V. | § | SMITH COUNTY, TEXAS |
| | § | BY_____ DEPUTY |
| DANIEL KNOD | § | 7TH JUDICIAL DISTRICT |

## REQUESTED CHARGE

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, **DANIEL KNOD**, by and through his attorney of record, and requests

that part of the court's charge includes the issue of § 8.02 Mistake of Fact, and should read as

follows:

It is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense.

Now, if you believe based on the evidence before you that Daniel Knod could have

believed that the item that was eventually sold was abandoned property or in other words,

trash, then you are to acquit the Defendant of the offense of theft.

Respectfully submitted,

KURT M. NOELL
231 S. College
Tyler, Texas 75702
Telephone: (903) 597-9069
Telefax: (903) 593-3450

BY: _____
KURT M. NOELL
Bar No. 15058500

**ATTORNEY FOR DEFENDANT**

Denied

_K.S. Russell_

4/16/15

---

**REQUESTED CHARGE**                                                              **PAGE 1**

## Appendix B


## Charge of the Court to Jury

FILED
LOIS ROGERS
DISTRICT CLERK

2015 APR 16 AM 8: 19

| THE STATE OF TEXAS | § | IN THE 7TH JUDICIAL |
| | § | SMITH COUNTY TEXAS |
| VS. | § | DISTRICT COURT OF |
| | § | DEPUTY |
| DANIEL LEE KNOD | § | SMITH COUNTY, TEXAS |

## CHARGE OF THE COURT

LADIES AND GENTLEMEN OF THE JURY:

The Defendant, DANIEL LEE KNOD, stands charged by Indictment with the offense of Theft, alleged to have been committed on or about December 8, 2014, in Smith County, Texas. To the allegations contained in the Indictment, the Defendant has pleaded "Not Guilty," and to the enhancement paragraph alleging the Defendant has been twice convicted previously of a theft offense, the Defendant has pleaded "Not True."

1.

Our law provides that a person commits the felony offense of Theft if he unlawfully appropriates property with intent to deprive the owner of such property and the value of the property is less than $1500 and when said person has been previously convicted two times of any grade of theft.

2.

"Appropriate" as used herein, means to acquire or otherwise exercise control over property other than real property. Appropriation of property is unlawful if it is without the owner's effective consent.

"Property" means tangible or intangible personal property, including money, that represents or embodies anything of value.

"Deprive" as used herein, means to withhold property from the owner permanently or for so

-1-

You are instructed that the statute of limitation for the offense of theft is five (5) years prior to the return of the Indictment which occurred on January 8, 2015.

5.

With respect to the evidence, if any, admitted in this case concerning the defendant's having been at least two times previously convicted of the offense of theft, if he was, you are instructed that such evidence cannot be considered by you as in any manner proving or tending to prove that the defendant committed a theft, if he did, on or about the 8th day of December, 2014.

6.

A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or both.

Each party to an offense may be charged with the commission of the offense.

A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. Mere presence alone will not constitute one a party to an offense.

7.

Now if you unanimously find from the evidence beyond a reasonable doubt that on or about the 8th day of December, 2014, in Smith County, Texas, the Defendant, DANIEL LEE KNOD, did then and there unlawfully appropriate, by acquiring or otherwise exercising control over property, to-wit: a tire rim, of the value of less than $1,500, from Dean Cafourek, the owner thereof, without the effective consent of the owner, and with intent to deprive the owner of the property, AND you further find from the evidence beyond a reasonable doubt that the Defendant, previously thereto, had been twice convicted of the offense of theft, to-wit:

-3-

(1)     On the 16th day of May, 2013, in Cause Number F-1235548-R in the 265th Judicial District Court of Dallas County, Texas, the Defendant was convicted of the offense of theft, and said conviction became final prior to the commission of the aforesaid offense; and

(2)     On the 15th day of April, 1997, in the Cause Number 96-0928CC in the County Court at Law of Henderson County, Texas, the Defendant was convicted of the offense of theft, and said conviction became final prior to the commission of the aforesaid offense;

as alleged in the Indictment, then you will find the Defendant guilty of the felony offense of Theft, as alleged in the Indictment.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendant of Felony Theft and say by your verdict "Not Guilty."

8.

You are instructed that the value of personal property is the fair-market value of the property at the time and place of the offense. The fair-market value is the amount of money the property in question would sell for in cash given a reasonable time for selling it.

9.

Our law provides that a defendant may testify in his own behalf if he elects to do so. This, however, is a privilege afforded a defendant, and in the event he elects not to testify, that fact cannot be taken as a circumstance against him. The Defendant has elected not to testify, and you are instructed that you cannot and must not refer to or allude to that fact throughout your deliberations or take it into consideration for any purpose whatsoever as a circumstance against the Defendant.

10.

You are instructed that you are not to allow yourselves to be influenced by any degree whatsoever by what you may think or surmise the opinion of the Court to be. The Court has no right

-4-

by any word or any act to indicate any opinion respecting any matter of fact involved in this case, nor to indicate any desire respecting its outcome. The Court has not intended to express any opinion upon any matter of fact in this case, and if you have observed anything which you may interpret or have interpreted as the Court's opinion upon any matter of fact in this case, you must wholly disregard it.

You are instructed that any statements of counsel, made during the course of the trial or during argument, not supported by the evidence, or statements of law made by counsel not in harmony with the law as stated to you by the Court in these instructions, are to be wholly disregarded.

You are further instructed that an Indictment is no evidence of guilt. Therefore, you are instructed in this cause that the Indictment herein shall not be considered by the Jury as evidence of guilt, if any.

11.

All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that a person has been arrested, confined, or indicted for, or otherwise charged with, the offense gives rise to no inference of guilt at his or her trial. The law does not require a defendant to prove his or her innocence or produce any evidence at all. The presumption of innocence alone is sufficient to acquit the defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

The prosecution has the burden of proving the Defendant guilty and it must do so by proving each and every element of the offense charged beyond a reasonable doubt and if it fails to do so, you must acquit the Defendant.

-5-

It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution's proof excludes all "reasonable doubt" concerning the Defendant's guilt.

In the event you have a reasonable doubt as to the Defendant's guilt after considering all the evidence before you, and these instructions, you will acquit him and say by your verdict "Not Guilty."

12.

You are instructed that if there is any evidence before you in this case alleging that Defendant committed an offense other than the offense alleged against him in the Indictment in this case, you cannot consider said evidence, if any, for any purpose unless you find and believe beyond a reasonable doubt that the Defendant committed such other offense, if any were committed, and even then you may only consider the same in determining intent or motive or the absence of mistake in connection with the offense, if any, alleged against the Defendant in the Indictment in this case, and for no other purpose.

The prosecution has the burden of proving the Defendant guilty of extraneous offenses, if any, and it must do so by proving each and every element of such offense beyond a reasonable doubt, and if it fails to do so you must not consider such extraneous offense, if any. In the event you have a reasonable doubt as to the Defendant's guilt of any extraneous offense after considering all the evidence before you, and these instructions, you must not consider evidence of an extraneous offense for any purpose whatsoever in arriving at your verdict.

13.

You are charged that it is only from the witness stand that the Jury is permitted to receive evidence regarding the case, and no juror is permitted to communicate to any other juror anything

-6-

that he or she may have heard regarding the case from any source other than the witness stand.

14.

In deliberating on this case you are not to refer to or discuss any matter not in evidence before you nor talk about this case to anyone not of your Jury.

You are the exclusive judges of the facts proved, of the credibility of the witnesses and of the weight to be given to the testimony, but you are bound to receive the law from the Court, which is herein given you, and be governed thereby.

15.

You must not be influenced in any degree whatsoever by any personal feelings of sympathy for, or prejudice against, the State or the defendant in this case, for each is entitled to the same fair and impartial consideration.

16.

The issue of punishment is not before you, and you should confine your deliberations to the innocence or guilt of the Defendant.

17.

After you have retired to consider your verdict, no one has any authority to communicate with you except the officer who has you in charge. You may communicate with this Court in writing, signed by your Presiding Juror, through the officer who has you in charge. Do not attempt to talk to the officer, the attorneys, or the Court concerning any questions you may have.

18.

After argument of counsel, you will retire and select one of your members as your Presiding Juror. It is the duty of your Presiding Juror to preside at your deliberations and to vote with you in

arriving at a verdict. Your verdict must be UNANIMOUS, and after you have arrived at your verdict, you may use one of the forms attached hereto by having your Presiding Juror sign the particular form that conforms to your verdict.

SIGNED this the 16th day of April, 2015.

_____
HONORABLE KERRY L. RUSSELL
Presiding Judge

-8-